## Laura A. Dickson

v.

## The Chicago, Burlington and Quincy R. R. Co.

1. Limitation—*act of 1872 construed.* The Limitation act of 1872 was not intended to have a retrospective operation upon causes of action existing when it took effect, but is prospective, only, in its operation. The saving clause in the section repealing other limitation acts, keeps such prior acts in force as to all causes of action which had accrued before the later law took effect.

2. Section 24 of the Limitation act of 1872, which repeals all prior acts on the subject, and which declares that "this section" shall not be so construed as to affect any right, etc., that may have accrued before this act shall take effect, is to be construed the same as if it had read "this act," instead of "this section."

Writ of Error to the Circuit Court of Fulton county; the Hon. Chauncey L. Higbee, Judge, presiding.

This was an action on the case, by Laura A. Dickson against the Chicago, Burlington and Quincy Railroad Company, to recover for a personal injury. The facts involved in the decision are stated in the opinion.

Messrs. Shope & Gray, for the plaintiff in error.

Messrs. Judd & Whitehouse, for the defendant in error.

Mr. Justice Sheldon delivered the opinion of the Court:

The only question presented on this record is, whether, by the Limitation Act of 1872, the right to sue in actions on the case for damages for an injury to the person, when the cause of action accrued prior to the passage of that act, is limited to two years.

The action here was one on the case, for damages for an injury to the person consequent upon the alleged wrongful act of the servants of the defendant. The cause of action accrued in the year .1870. The suit was brought July 6,

1874. The defendant pleaded two special pleas, setting up, in substance, that the cause of action accrued, if at all, more than two years next before the commencement of the suit. The court below overruled a general demurrer to the pleas, and rendered judgment for the defendant.

When this alleged cause of action accrued, and the alleged liability of defendant was incurred, the act of Feb. 10, 1849, was in force, and limited actions on the case to five years. The 14th section of the Limitation law of 1872, in force July 1, 1872, is as follows: "Actions for damages for an injury to the person, * * * shall be commenced within two years next after the cause of action accrued." The 24th section of the act of 1872 expressly repeals the Limitation act of February 10, 1849, the section concluding as follows: "But this section shall not be construed so as to affect any rights or liabilities, or any causes of action that may have accrued before this act shall take effect." The act took effect July 1, 1872.

The 24th section of the act of 1872, in terms, repeals various other limitation laws, as well as that of February 10, 1849.

It is urged by appellee, that section 14 of the act of 1872 shortens the time within which actions for injury to the person may be brought, to two years; that it is wholly inconsistent with the five years limitation of the act of 1849, and, therefore, repeals it by implication, substituting two years in place of five years limitation; so that the two acts can not stand together. Stress is then laid upon the use of the words "this section," not "this act," in the saving clause of section 24 of the act of 1872; and it is said that the act of 1872 nowhere provides that *section fourteen*, or *this act*, shall not be construed so as to affect any existing liability or causes of action; that it only provides that *section twenty-four*, *"this section,"* shall not be so construed; that it is the *express* repealing clause only whose operation is suspended in given instances, and that to that clause the saving provision is care-

fully limited. Therefore, the repeal by implication by the 14th section is left absolute.

We regard this a refinement of construction which is inadmissible. We can not think the legislature indulged in any such nicety of discrimination as is supposed. They saw proper to expressly repeal the act of February 10, 1849, and not leave it to be repealed by implication, and expressly apply the saving clause to the repeal.

We are of opinion the construction is to be the same, as if the words "this act," instead of "this section," had been used in the saving clause. We can not doubt that it was the legislative intention. and that the sensible construction is, that the act of 1872 was to be prospective, only, in its operation, and not to have a retroactive effect upon any causes of action which had accrued before the time when the act went into effect; that as to all such causes of action—of which the present is one—the act of February 10, 1849, furnished the rule of limitation, and not that of 1872.

We are of opinion the demurrer to the pleas should have been sustained, and the judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE WALKER : I am unable to concur in the decision announced in the foregoing opinion.