ASAHEL GRIDLEY v. ALFRED S. BARNES et al.

and

THOMAS J. COX v. JOHN A. JAMESON.

*Filed at Springfield March 28, 1882—Rehearing denied June Term, 1882.*

1. LIMITATIONS—*action for statutory penalty—as, to enforce the liability of trustees and corporators of insurance companies.* The 14th section of the Statute of Limitations provides: "Actions for a statutory penalty shall be commenced within two years next after the cause of action accrued."

2. The liability of the trustees and corporators of insurance companies, arising under the 16th section of the general law in relation to insurance, approved March 11, 1869, is imposed, not as upon contract, but by way of a statutory penalty only. So a cause of action arising under that section is within the 14th section of the Limitation law, and will be barred after two years from the time it accrued, if suit be not brought within that time.

3. SAME—*effect of saving clause in acts repealing certain statutes of limitation—former decision.* The 14th section of the Statute of Limitations referred to is a part of the act approved April 4, 1872, and the 24th section of the same act (which repeals certain former acts of limitation) contains a saving clause, that "this section shall not be construed so as to affect any rights or liabilities or any causes of action that may have accrued before this act shall take effect." A cause of action arising under section 16 of the general Insurance law was not embraced in any of the statutes repealed by the

24th section. Prior to 1872 there was no general Limitation law in cases of actions for statutory penalties. So such causes of action are in no way affected by that saving clause.

4. In the case of *Dickson* v. *Chicago, Burlington and Quincy R. R. Co.* 77 Ill. 331, the saving clause in section 24 of the Limitation act of 1872 was construed as if the words "this act" had been used instead of the words "this section." This construction was given in respect to a cause of action embraced in the Limitation act of 1849, but the saving clause so construed does not affect causes of action not embraced in the statutes repealed by the 24th section. The 14th section will still be given effect as to preëxisting causes of action for a statutory penalty.

5. STOCKHOLDERS *in insurance companies—liability for corporate debts—under what law arising.* The 25th section of the charter of the Lamar Insurance Company, on the subject of the individual liability of stockholders in that company for debts of the corporation, is not to be understood as fixing any liability at all, but the entire section is one of limitation or restriction only,—that is, that the liability of the stockholder can not be extended by subsequent legislation beyond the limit therein prescribed. The liability of the stockholders in that company arises under the 16th section of the general law relating to insurance.

6. SAME—*former decision.* Nor is the case of *Arenz* v. *Weir*, 89 Ill. 25, to be understood as laying down any different rule. In that case the question whether section 25 of the charter imposed any such liability was not before the court. That section, together with art. 10 of the constitution of 1848, and the amendment of the charter of 1869, was referred to merely as showing that the legislature retained the constitutional right to impose upon the stockholders the liability as fixed by the 16th section of the general Insurance law.

APPEALS from the Appellate Court for the Third District; —heard in that court on appeals from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. WILLIAMS, BURR & CAPEN, Mr. IRA J. BLOOMFIELD, and Messrs. WELDON & McNULTA, for the appellants:

The Lamar Insurance Company having been in existence and doing business before the general Insurance law of 1869 was passed, the 16th section of that act can only be held applicable to a shareholder as a penalty for permitting the corporation to continue to do business, after the passage of

that act, in contravention of its terms.  *Weidenger* v. *Spruance*, 101 Ill. 287; *Diversy* v. *Smith*, 9 Bradw. 437; *Gulliver* v. *Roelle*, 100 Ill. 141; *Cable* v. *McCune*, 26 Mo. 380; *Halsey* v. *McLean*, 12 Allen, 438; *Merchants' Bank* v. *Bliss*, 35 N. Y. 412; *Steam Engine Co.* v. *Hubbard*, 101 U. S. 108; Thompson's Liability of Stockholders, sec. 84; Sedgwick on Construction of Stat. and Const. Law, 32.

All actions for penalties are barred in two years.  Rev. Stat. 1874, p. 675, sec. 14.

That the cause of action under section 16 of the general Insurance law, and that under section 25 of the company's charter, are different, one being on a contract and the other on a penalty, and are barred by different statutes of limitations, see *Corning* v. *McCullough*, 1 Comst. 47.

The Statute of Limitations continues to run against a new cause of action set up by way of an additional count, until such count is filed.  *Illinois Central R. R. Co.* v. *Cobb*, 64 Ill. 128; *Illinois Central R. R. Co.* v. *Phelps*, 94 id. 548; *Showkegan Bank* v. *Cutler*, 49 Maine, 319; *German* v. *Judge*, 27 Mich. 139; *Hawthorn* v. *State*, 57 Ind. 286.

Mr. HAMILTON SPENCER, and Mr. W. S. COY, for the appellees:

We make no question as to the limitation in respect to statutory penalties.  We are suing for no such penalty.  The stockholder's liability is original, and is created by section 25 of the charter.  The declaration was not framed upon section 16 of the general Insurance law.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

In these cases actions of debt were brought by the plaintiffs, against the defendants, as stockholders of the Lamar Insurance Company, to recover certain specified indebtedness of that company to the plaintiffs, respectively.  So far as the questions to be considered are concerned, there is no

substantial difference between the cases. In both, the causes of action accrued more than two years before the bringing of suit, and under the stipulations of the parties the defence of limitation is properly before the court.

If we shall regard the liability of the defendants as resting on the 16th section of the general law in relation to insurance, which was approved March 11, 1869, and in force July 1, of that year, the causes of action are, as we think, clearly covered by the 14th section of the Statute of Limitations. Rev. Stat. 1874, p. 675. The 16th section of the general law in relation to insurance imposes a liability on the trustees and corporators of insurance companies, severally, for all debts or responsibilities of such companies, to the amount by him or them subscribed, until the whole amount of the capital of such company shall have been paid in, and a certificate thereof recorded, as provided in that act. In *Weidenger* v. *Spruance*, 101 Ill. 287, we held this liability upon the stockholders is imposed by way of penalty only; and the 14th section of the Statute of Limitations provides : "Actions for  *  *  *  a statutory penalty  *  *  *  shall be commenced within two years next after the cause of action accrued."

But counsel for the plaintiffs deny this suit is brought for a penalty, and say that it is brought under the 25th section of the charter of the Lamar Insurance Company. That section is as follows : "That no stockholder of the corporation hereby created shall be liable, in his individual capacity, for any debt or liability of said company beyond the amount of stock held by him, and it is hereby provided, that if the corporation hereby contemplated is not fully organized, according to the provisions hereof, within one year from and after the passage of this act, then this act shall be void." This plainly prevents the individual liability of the shareholder exceeding the amount of stock held by him, but it is quite as plain that it does not fix his liability to that amount. It

certainly contemplates that he may be made liable to that amount, but there is no attempt by this section to fix any liability whatever. The entire section is one of limitation or restriction only. A fair construction, undoubtedly, is, the stockholder may be made liable (not that he thereby is) to the amount indicated, and so he could not claim that a subsequent law fixing his liability to that amount, and prescribing a mode of enforcing it, impaired the obligation of his contract; and this was the view that obtained with the court in *Arenz* v. *Weir*, 89 Ill. 25.

But counsel contend that case is an authority for holding that this section imposes an absolute individual liability upon the stockholder, to the extent of the stock held by him, for any debt or liability of the company, and there is, unquestionably, language in the opinion in that case that, considered by itself, authorizes this view. But the language of the opinion must be considered with reference to the question under discussion. The question whether that section imposed such liability, was not before the court. The question was, whether the declaration was sufficient on demurrer, and it stated what was held to be a sufficient cause of action under the 16th section of the general law in relation to insurance. It was, on behalf of the stockholder, contended, that to apply the 16th section of the general Insurance law to him, was to impair the obligation of his contract on becoming a stockholder; and in answer to this, the 25th section of the charter, art. 10 of the constitution of 1848, and the amendment of the charter of 1869, were all referred to as showing that the legislature retained the constitutional right to impose upon the stockholders the liability prescribed by the 16th section of the general law, and all this is manifest by a careful reading of the opinion.

There being no other section of the charter of the insurance company, nor of the general law relating to insurance, under which a liability on the part of the defendants is

claimed, it follows the judgments below must be reversed and the causes remanded.

*Judgments reversed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Per CURIAM: We have patiently, and with such care as we could bestow, reconsidered the questions presented by this record, and having done so, perceive no cause to depart from the conclusion announced in the opinion heretofore filed.

In *Diversey* v. *Smith*, and *Burkett* v. *Plankinton*, considered as one case at March term, 1882, (*post*, 378,) we have again considered the question of whether the liability under the 16th section of the general Insurance law of 1869 is on contract or for a statutory penalty, and reference may be made to those cases for a further and more elaborate expression of our views on that question.

It is insisted that the 14th section of the act in regard to limitations, approved April 4, 1872, has no application to this cause of action, because in the 24th section (which repeals certain former acts of limitation) a saving clause is added, saying: "But this section shall not be construed so as to affect any rights or liabilities or any causes of action that may have accrued before this act shall take effect."

In the opinion of this court in the case of *Dickson* v. *Chicago, Burlington and Quincy R. R. Co.* 77 Ill. 331, it was said, in relation to this section: "The legislature saw proper to expressly repeal the act of February 10, 1849, and not leave it to be repealed by implication, and to expressly apply a saving clause to the repeal." And it was added: "We are of opinion the construction is to be the same as if the words 'this act' instead of 'this section' had been used."

Counsel lay great stress on this last remark, but it must be observed that these words were used in relation to a cause of action embraced in the act of 1849, and governed by this

statute, and as to such causes of action already accrued the remark is strictly accurate. The words must be limited to that class of cases. The substance of what is there said is, that the express repeal of the old statutes of limitation repels the idea of repeal by implication, and the saving clause means causes of action already accrued shall continue to be controlled by the former statutes, and this, notwithstanding the express repeal. And so, as to such causes of action, the legal effect of the saving clause is the same as if the words "this act" had been used instead of the words "this section." Such, however, is not the legal effect of that saving clause upon causes of action not embraced in the statutes repealed by that section. The cause of action in the case at bar is not embraced in the statutes repealed by section 24, and is in no way affected thereby, but it is within the terms of section 14 of that act, and is controlled thereby.

Again, in the revision of 1874, section 14 is remodeled, and section 24 of the act of 1872 is omitted entirely, (Rev. Stat. 1874, p. 675,) and in chap. 131, sec. 5, the former statutes of limitations are repealed with a saving clause saying: "When any limitation law has been revised by this or the Twenty-seventh General Assembly, and the former limitation law repealed, such repeal shall not be construed so as to stop the running of any statute, but the time shall be construed as if such repeal had not been made." This is the law in force from that time until now. It is thus seen that the repeal of old statutes and the saving clause relating thereto have no relation to the case at bar, inasmuch as prior to 1872 there was no general Limitation law in cases of actions for statutory penalties.

This view does not give the statute a retroactive effect, for more than two years had elapsed after the passage of the statute before the bringing of either suit.

*Rehearing denied.*