# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—AUGUST TERM 1882.

## ST. LOUIS, ALTON & TERRE HAUTE RAILROAD COMPANY
## v.
## GEORGE W. HILL ET AL.

1. PLEADING—COUNTING UPON A STATUTE.—Where the several counts in a declaration, after stating the cause of action, aver that the acts alleged were "contrary to the form of the statute," etc., and "by means whereof, and by force of the s atute the defendant became liable," etc., it is sufficient to indicate that the counts are each based upon the statute.

2. RAILROADS—EXTORTION AND UNJUST DISCRIMINATION—A PENAL ACT.ON.—The liability imposed by the statute upon railroad corporations for extortion and unjust discrimination, giving treble damages, is a statutory penalty, and actions therefor must be brought within two years next after the cause of action accrued, or they will be barred by the statute of limitations.

3. ACTION FOR EXTORTION AND UNJUST DISCRIMINATION.—In an action under the statute prohibiting extortion and unjust discrimination by railroad companies, it must appear not only that the corporation made a discrimination in its rates of toll. but also that such discrimination was unjust, and these must be alleged in the declaration.

4. CORPORATION MAY TRAVERSE ALLEGATION OF EXTORTION.—The schedule of rates required by the statute to be fixed by the railroad and warehouse commissioners, is only *prima facie* evidence that such rates are reasonable, and notwithstanding this the corporation may traverse the allegation of extortion, and show that the rates charged are reasonable and not extortionate.

5. SPECIAL DEMURRER.—Although a special plea may amount to the general issue, yet this objection can not be taken advantage of upon a general demurrei; so, also, objectins that a plea is double, or alleges immaterial matter, must be raised by special demurrer.

St. L., A. & T. H. R. R. Co. v. Hill.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed September 29, 1882.

Mr. R. A. HALBERT, for appellant; that the action is to recover a statutory penalty, cited Pace v. Vaughan, 1 Gilm. 30; Cook v. Scott, 1 Gilm. 333; Reed v. Davis, 8 Pick. 515; Gridley v. Barnes, 103 Ill. 211; Weidinger v. Spruance, 101 Ill. 287; Richardson v. Akin, 87 Ill. 138; Mer. Bank v. Bliss, 35 N. Y. 412; Rooke v. Thomas, 56 N. Y. 559; Wiles v. Suydam, 64 Ill. 173.

In declaring upon a statute the declaration should show specially that the case comes within the provisions of the statute: Pace v. Vaughan, 1 Gilm. 30; Edwards v. Hill, 11 Ill. 23; Erlinger v. Boneau, 51 Ill. 94; C. B. & Q. R. R. Co. v. The People, 77 Ill. 443.

An objection that a plea is double can be reached only by special demurrer: Cushman v. Hayes, 46 Ill. 155; Ogden v. Lucas, 48 Ill. 492; Franey v. True, 26 Ill. 184.

The plea of two years' limitation presented a complete bar to the action: Gridley v. Barnes, 103 Ill. 211; Mer. Bank v. Bliss, 35 N. Y. 412; Wiles v. Suydam, 64 Ill. 173.

The corporation is protected by the terms of its charter from subsequent legislative control: C. & A. R. R. Co. v. Iowa, 94 U. S. 161.

Not only the fact of discrimination, but whether the discrimination is just or not, may be put in issue: C. & A. R. R. Co. v. The People, 67 Ill. 11.

Messrs. KOERNER & TURNER, for appellees; that if a railroad company is guilty of unjust discrimination, it is liable to the party aggrieved, cited C. B. & Q. R. R. Co. v. The People, 77 Ill. 443; C. & A. R. R. Co. v. C. V. & W. Coal Co. 79 Ill. 121; Rev. Stat. Chap. 114, § 3; Finnie v. G. & S. W. R. R. Co. 34 E. L. and Eq. 11.

Common carriers can not discriminate as to amounts or modes of computation between persons according to their occupation or place of shipping: 2 Parsons on Contracts, 175.

Against the plea of. chartered rights:    Bank v. Hamilton Co. 21 Ill. 53;  Ruggles v. The People, 91 Ill. 256;  Ill. Cent. R. R. Co.  v. The People, 95 Ill. 313;  Ward v. Farwell, 97 Ill. 593;  Gulliver v. Roelle, 100 Ill. 141;  Munn v. The People, 69 Ill. 80;  Munn v. Illinois, 94 U. S. 113;  Thompson on Stockholders, § 65;  Morawetz on Private Cor. § 445.

BAKER, P. J.    This was assumpsit brought by appellees against appellant.    The declaration contained nineteen special counts and the common counts.    A demurrer to the declaration was overruled, and thereupon the general issue and nineteen special pleas were filed. A general demurrer was sustained to each of the special pleas.    Appellant then withdrew the general issue as to all the counts, except the common counts; appellees dismissed the common  counts, and appellant standing by its special pleas, a jury was called and  assessed the damages at $21,000, for  which amount, and for costs, a judgment was rendered by the court.    The first fifteen counts of the declaration purport to charge unjust discrimination by appellant against appellees in the transportation of flour, bran and wheat, and claim treble damages.    The four remaining special counts purport to charge extortion in the transportation of freights, and also claim treble damages.    It seems to be suggested by counsel for appellees in their brief and argument, that the several special counts in the declaration are common  law counts against a common carrier for unjust discrimination, and for extortions in charging unjust, unreasonable and unfair compensation; and that the suit is not under the statute, or for penalties.    If this were so, appellees would have the right to recover only single damages; but we see from an examination of the instructions of the court below and of the evidence heard on the assessment of damages; which are preserved in a bill of exceptions, that the jury allowed and judgment was entered for treble damages.    And, upon an inspection of the special counts, we find that each of them, after stating the particular facts that constitute the cause of action, avers, with reference to the alleged acts of appellant, that they were " contrary to the form of the statute in such case

made and provided, by means whereof and by force of the statute defendant became liable to pay said plaintiffs three times the amount of damages sustained by them, as aforesaid, together with a reasonable attorney's fee." This is amply sufficient to indicate the several counts are, each and all of them, based upon the statute. Whitecraft v. Vanderveer, 12 Ill. 235; Cook v. Scott, 1 Gilm. 333; Hughes v. Stevens, 1 Penn. St. 320; Palmer v. York Bank, 18 Maine, 166.

The liability imposed on railroad corporations under Section 6 of the extortion and unjust discrimination act of 1873 to the party aggrieved, for three times the amount of the damages sustained, is a statutory penalty. This is manifest from the decisions of the Supreme Court in the late cases of Weidinger v. Spruance, 101 Ill. 278; Gridley v. Barnes, 103 Ill. 211; and Diversey v. Smith, and Burkett v. Plankinton, Id. 378. The 14th section of the statute of limitations provides that actions for a statutory penalty shall be commenced within two years next after the cause of action accrued. It follows that the circuit court erred in sustaining a demurrer to appellant's second plea which averred " that the supposed causes of action set forth in said special counts, did not, nor did any or either of them, accrue to plaintiffs within two years next before the commencement of this suit." See Gridley v. Barnes, *supra*. This plea, as the record stands, presents a legal defense to all the causes of action disclosed by the declaration.

At the time the order of the court was made sustaining the demurrer to the special pleas, the general issue to the whole declaration was on file. It is inadmissible to both plead and demur to the same pleading at the same time. Therefore, in the state of the record in this cause, as well as under the assignments of error made in this court upon that record, there is no question before us as to the legal sufficiency of the several counts in the declaration. If we assume for the purposes, of the present inquiry, the fifteen counts for unjust discrimination are good, and that a party aggrieved may recover the penal damages provided for in the 6th section of the extortion and unjust discrimination act, without showing the railroad corporation guilty of any of the acts partic-

ularly specified in the first part of section 3, and which are declared therein to be "*prima facie* evidence of the unjust discriminations prohibited by the provisions of this act"; yet this assumption, as regards the case in hand, must be upon the theory it is enacted in said section 3 that it (the section) shall not be so construed as to exclude other evidence tending to show any unjust discrimination in freight and passenger rates, and that appellees by averring certain acts of discrimination on the part of the appellant corporation, and further alleging such acts were "unjust discriminations" against them, made manifest their suit was within this penal statute, and that the statutory offense had been committed by appellant. Upon this theory two facts are material, and each of them is absolutely essential for the maintenance of the suit. It must appear not only that the railroad corporation made a discrimination in its rates, or charges of toll, or compensation, but that such discrimination was an *unjust* discrimination, and the corporation can successfully defend by traversing the allegation there was an unjust discrimination. C. & A. R. R. Co. v. The People, etc. 67 Ill. 11. So also with reference to the four counts which charge extortion and that appellants charged, demanded, collected and received from appellees more than a fair and reasonable rate of toll or compensation for the transportation of freights. The schedules of reasonable maximum rates of charges for the transportation of passengers and freights and cars, provided for in the 8th section of the act, and directed to be made by the railroad and warehouse commissioners, are only made *prima facie* evidence the rates herein fixed are reasonable maximum rates. It is entirely competent for the corporation to plead and show the charges made and collected by it were just and reasonable and not extortionate; and to have the verdict of a jury upon that issue. It follows from what we have said, it was error in the court below to sustain demurrers to appellant's 3d, 4th, 6th, 8th, 9th and 10th pleas. Some of these pleas were to the extortion counts, and some of them to the unjust discrimination counts. They severally answered the counts they respectively pur-

St. L., A. & T. H. R. R. Co. v. Hill.

ported to answer, and sought to raise the issues whether the charges alleged in the one set of counts were fair, just, reasonable, and not extortionate, or otherwise; and whether there was an unjust discrimination or not, as averred in the other counts. It may be appellants could have availed themselves of these defenses under the general issue, or that some of these pleas amounted to the general issue; but, if so, the demurrer, although several to the pleas, was a general demurrer, and this objection could only have been taken advantage of by special demurrer. Some of these pleas were also double, and some of them alleged matters which were immaterial and mere surplusage; but these are objections that go to form and not to substance. and could be reached only by a special demurrer. The 11th, 12th, 16th, and 17th pleas all traverse material facts alleged in the respective counts to which they are severally interposed, and it was error to allow the demurrer to them. The 5th and 7th pleas attempt to plead arbitration and award, but show that as a matter of fact there was no valid and binding arbitration and award. The 13th, 14th, 18th and 19th pleas aver matters or conclusions of law, instead of facts, and are bad. Some of the questions presented by the 15th and 20th pleas have not been as fully discussed by counsel as is desirable. The pleas may involve matters that are important to the parties litigant in their present controversy. The case must necessarily be reversed for the errors already indicated. We therefore deem it advisable to express no opinion with regard to these two pleas, but leave will be given appellant to refile them in the court below, if it shall see proper so to do. For the errors of the circuit court in sustaining the demurrer to the 2d, 3d, 4th, 6th, 8th, 9th, 10th, 11th, 12th, 16th, and 17th pleas the judgment of that court is reversed and the cause remanded with instructions to overrule such demurrer.

Reversed and remanded.

WALL, J., took no part in the decision of this case.