CURTIS and another *v.* WORTSMAN.

*(Circuit Court, S. D. Georgia, E. D.   November Term, 1885.)*

1. ATTACHMENT—FRAUD—CLAIMANT—BURDEN OF PROOF.
    On a proceeding by attachment against a debtor fraudulently conveying or concealing his property, where a claim is interposed, the rule is the same as to the burden of proof as in other claims.

2. SAME—TRAVERSE AFTER JUDGMENT.
    Where a defendant in attachment has not traversed the grounds of attachment after a judgment against the defendant, the claimant cannot traverse.

At Law.

*Charles Nephew West* and *Wade Hampton Wade*, for plaintiff.

*Garrard & Meldrim*, for claimant.

SPEER, J., *(orally.)* When this question was presented on yesterday, I had doubt whether or not we were proceeding regularly. It occurred to me that the plaintiff here was to show affirmatively that the property levied on was subject to the attachment by proof of the allegations in the petition, under this section of our Code, it being a new feature in our attachment law. This section (Code Ga. § 3297) provides that whenever a debtor shall sell or convey or conceal his property liable for the payment of his debt, for the purpose of avoiding the payment of the same, or whenever a debtor shall threaten or prepare so to do, his creditors may petition the judge of the superior court of the circuit where such debtor resides, if qualified to act, and, if not, the judge of any adjoining circuit, fully and distinctly stating his grounds of complaint against such debtor, and praying for an attachment against the property of such debtor liable to attachment, supporting his petition by affidavit or testimony, if he can control the same. And the statute further provides that such judge may then grant an attachment in the usual form, and directed as usual, which shall be executed as existing laws provide, subject to existing laws as to traverse, replevy, demurrer, and other modes of defense. It also provides that the judge may, if he deems it more proper under the circumstances of the case as presented to him, before granting such attachment, appoint a day on which he shall hear the petitioner and the party against whom the attachment is prayed as to the propriety of granting such attachment, and, if satisfied upon such hear-

ing that the attachment should not issue, he shall not grant the same.

In this particular case the judge did not give the defendant in attachment an opportunity to show that the attachment was improperly applied for, but granted the attachment. The law enacts that the attachment shall be executed as existing law provides, and the existing law provides that it is subject to traverse, replevy, demurrer, and other defenses. The term "existing laws" means, of course, the laws existing at the time the attachment is sued out. The defendant did not traverse this attachment, and judgment was rendered,—a general judgment on the attachment. Now, the claimant is before the court, and insists that the property levied on is not the property of the defendant, but is hers. She insists, further, that it is not subject to this attachment, and that the plaintiff must show that it is subject as if on the original trial. When the judgment was obtained, unless there had been a traverse filed, the plaintiff would not have been put to the necessity of submitting his proof relative to the grounds of attachment.

The affidavit to the attachment is manifestly considered sufficient proof of the grounds of attachment, unless there is a traverse filed, and if there is a traverse, then the burden of proof is on the plaintiff. *Oliver* v. *Wilson*, 29 Ga. 642. The supreme court of Georgia have distinctly held that after judgment on attachment the claimant cannot traverse the grounds of attachment, and this concludes the court upon this question. *Foster* v. *Higginbotham*, 49 Ga. 264. Besides, it is provided in section 3323 of the Code that the claim shall be tried in the same manner, subject to the same rules and regulations, as are prescribed in other cases for other claims. Now, in all other cases, where property levied on is at the time of such levy in possession of the defendant in execution, when the plaintiff proves that fact the burden of proof is shifted upon the claimant. So in this case, the defendant having failed to traverse the grounds of attachment, and judgment having been rendered thereon, the claimant cannot controvert their truth; and, the plaintiff in attachment having shown that the property claimed was in the possession of the defendant at the time of the levy, the burden rests upon the claimant to show title thereto, as in other claims. This remedy has to so large an extent been substituted for the equivalent proceeding in equity, that it is highly important to ascertain and settle in the courts of the United States the best and most efficient practice in its enforcement.