Baker, District Judge.
Action to recover the contents of a note executed in this state for $5,025.93, bearing date July 1, 1877, due one day after date. Answer that the cause of action did not accrue within 10 years next before the commencement of the suit. Demurrer to the answer for want of facts.
At the time this cause of action accrued, the statute of limitations of this state prescribed 20 years as the period within which such actions must be brought. 2 Gavin & H. St. of Ind. p. 159, § 211, par. 5. On the 7th day of April, 1881, another statute of limitations was enacted, which took effect September 19, 1881, and yet remains in force. This statute is as follows:
“The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards: * * * Fifth. Upon promissory notes, bills of exchange, and other written contracts for the payment of money, hereafter executed, within ten years: provided, that all such contracts as have been heretofore executed may be enforced, under this act, within such time only as they have to run before being barred under the existing law limiting the commencement of actions, and not after-wards.”
On the one side it is claimed that the note is to be governed by the statute of limitations in force at the time the cause of action accrued thereon. On the other side, it is insisted that it must be governed by the statute of limitations in force when the suit was instituted.
The current of authority, both English and American, is almost unbroken, that statutes of limitation operate on the remedy only, and do not affect the right; and that the statute in force at the time the suit is brought, and in the forum where' it is brought, must control. This rule has often been regretted by eminent judges as a departure from sound principle, but it is now so firmly settled that the statute of limitations does not enter into and form .a part of the contract that it is no longer open to debate. It follows that the sufficiency of the answer hinges on the construction of the statute above quoted. That part of the act which precedes the proviso, ex m termini, applies only to promissory notes, bills of exchange, and other written contracts for the payment of money executed after the enactment of the statute. It is apparent that it was the legislative intent that all notes, bills, and contracts for the payment of money executed after the enactment of the statute should be limited by the clause preceding the proviso to the period of 10 years, and that all such contracts executed prior to that time should be governed by the terms of the proviso. The proviso declares “that all such contracts as have been heretofore executed may be enforced, under this act, within such time only as they have to run before being barred under the existing law limiting the commencement of actions, and not afterward.” The *793 language of the proviso is not entirely free from obscurity. On the one hand it is claimed that the words “ existing law” mean the law existing at the time suit is instituted, and hence that the 10-years limitation applies. On the other hand, it is insisted that these words refer to the law in force at the time the contract was executed, and therefore that the 20-years limitation governs. In my opinion, the words “ existing law” refer to the limitation law in force at and prior to the date of the enactment of 1881; and as to all written contracts for the payment of money executed before Septemper 19, 1881, the prior 20-years limitation is continued in force. If it was the purpose of the legislature to apply the 10-years limitation to contracts theretofore executed, the proviso was needless. All that was necessary, if such was the purpose, would have been to have omitted the proviso, and the words “ heretofore executed” in the clause preceding the proviso. It is the duty of courts to construe statutes so as to give effect to the entire language employed, where such a construction is practicable. Nothing less than imperative necessity will justify a court in rejecting words or clauses used in a statute. Here no such necessity exists. Construing the words “ existing law ” as referring to and continuing in force the statute existing at the time the note in suit was executed, effect is given to all the words of the statute. The statute thus read constitutes a just and harmonious enactment. All notes, bills, and contracts for the payment of money executed on or after September 19, 1881, are governed by the 10-years limitation prescribed by the act of 1881; and all such contracts executed before that date are governed by the 20-years limitation continued in force by the proviso. But the provision in question, if the words “ hereafter executed ” in the clause preceding the proviso had been omitted, would be construed as prospective. Murray v. Gibson, 15 How. 421; Sohn v. Waterson, 17 Wall. 596; King v. Tirrell, 2 Gray, 331; Dickson v. Railroad Co., 77 Ill. 331; McCormick v. Eliot, 43 Fed. Rep. 469; McKisson v. Davenport, 83 Mich. 211, 47 N. W. Rep. 100.
It may be laid down as a general rule for the interpretation of statutes that they ought not to be allowed a retroactive operation, where this is not required by express command or by necessary implication. Without such requirement, they speak and operate upon the future only. Especially should this rule prevail where the effect and operation of the law are designed, apart from the intrinsic merits of the rights of the parties, to restrict the assertion of those rights. But, aside from these considerations, and out of abundant caution, the words preceding the proviso are expressly limited to notes, bills of exchange, and other written contracts for the payment of money, thereafter executed. As the note in suit was executed before the statute' was enacted, it is, by its express language, excepted from the operation of the 10-years limitation. In King v. Tirrell, 2 Gray, 331, a cause of action arose against an administrator at a time when the right to sue was limited to the period of four years from the date of his bond. After the cause of action had accrued, the legislature of the state enacted a law prescribing two years as the time within which such actions must be brought. The latter *794 statute was held to be prospective, and that a cause of action existing when it came into effect was governed by the statute of limitations in force when the right of action accrued. In Dickson v. Railroad Co., 77 Ill. 331, a cause of action accrued for personal injury. At the time the cause of action accrued, the right to sue was limited to the period of five years. Thereafter the legislature enacted a law prescribing two years as the period within which such actions must be brought. The court held the latter enactment prospective, and that the statute in force when the cause of action accrued furnished the rule of limitations. Means v. Harrison, 114 Ill. 248, 2 N. E. Rep. 64, was an action upon a promissory note dated January 25, 1872, payable two years after date. Action was commenced October 15, 1884. At the time the note was executed, the limitation was 16 years, under the act of November 5, 1849. By an act which went into effect July 1, 1872, the time of limitation of an action on a promissory note was made 10 years. The act of 1872 expressly repealed the act of 1849, with this provision in the repealing section: “But this section shall not be construed so as to affect any rights or liabilities, or any causes of action, that may have accrued before this act shall take effect.” The question was, which act was to govern,—the act of 1849, which was in force at the time the note was executed, or the act of 1872, which was enacted and went into effect after the making of the note? The court held that the latter act was to be construed prospectively, and that the saving clause above quoted continued the law of 1849 in force as to notes executed prior to the time the act of 1872 took effect. McMillan v. McCormick, 117 Ill. 79, 7 N. E. Rep. 132, and McKisson v. Davenport, 83 Mich. 211, 47 N. W. Rep. 100, fully support the same doctrine.
Thus it is seen that the construction given to the act of 1881 is supported both by reason and authority. It is insisted, however, that such a construction brings the provision under consideration within the condemnation of the constitution of this state, and also of the fourteenth amendment of the constitution of the United States. The argument is that “the office of the proviso is solely to suspend the ten-years limitation in those cases where the contract happens to be executed before September 19,1881, whether it falls due then or afterwards.” Cooley, Const. Lim. p. 391, note 2, and Holden v. James, 11 Mass. 397, are cited to the proposition that “the statute of limitations cannot be suspended in particular cases while allowed to remain in force generally.” Manifestly it is not the office of the proviso to suspend the statute in particular eases. The enacting clause preceding the proviso in clear and positive terms declares that the 10-years limitation therein prescribed shall only apply to notes, bills of exchange, and other written contracts for the payment of money thereafter executed. If the proviso were eliminated from the act, the 10-years limitation could not be applied to notes previously executed. The proviso does not suspend the opera-' tion of the enacting clause in question. It does not relate to nor embrace the same class of contracts as the enacting clause. The whole purpose and scope of the proviso is to continue the prior statute of lim *795 itations in force as to all notes, bills of exchange, and other written contracts for the payment of money executed before the act of 1881 took effect. The real ground of objection evidently is that it is not within the domain of the legislative power to enact a statute of limitations which shall affect and operate upon written contracts thereafter executed, and continue in force the prior limitation law as to all contracts previously executed. Such statutes have been frequently enacted, and have been drawn in question before the courts of last resort. They have been enforced as valid enactments, without any suggestion by court or counsel that they were unconstitutional. See authorities supra. If the provision in question'is unconstitutional, it is upon the ground that the law is special, and not of uniform operation, or because it denies equal privileges and immunities to all. It is not obnoxious to either objection. It is general and uniform in its operation. A law is general and uniform when it operates alike upon all persons and things within the jurisdiction of the state, under the same circumstances. This provision guaranties to all persons the same privileges and immunities, under like conditions. Equal protection of the law exists whenever, under like conditions, every person is secured in the enjoyment of the same rights by the law. Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. Rep. 357; Soon King v. Crowley, 113 U. S. 703, 5 Sup. Ct. Rep. 730; Mugler v. Kansas, 123 U. S. 623, 8 Sup. Ct. Rep. 273; Caldwell v. Texas, 137 U. S. 692, 11 Sup. Ct. Rep. 224. It is neither special, partial, nor arbitrary, and it must be held to be a valid exertion of constitutional power. The answer is insufficient. The demurrer is sustained.