Lueken et al. v. The People.

---

## ERNEST A. LUEKEN ET AL.

### v.

## THE PEOPLE, use, etc.

SALE OF INTOXICATING LIQUOR—REMOTE CAUSE.—The bar-tender of appellant sold liquor to B, and an altercation arising, the bar-tender threw a glass at B. which missed him and injured appellee. *Held*, that the injury complained of is not in a legal sense the natural and proximate consequence of the alleged act of appellant in selling the liquor. That it is a matter of speculation whether the same injury would not have been sustained if defendant had not sold the liquor.

APPEAL from the County Court of Randolph county; the Hon. W. P. MURPHY, Judge, presiding.

Mr. ABRAM G. GORDON and Mr. GEORGE L. RIESS, for appellant; that the damages claimed are too remote, cited Shugart v. Egan, 83 Ill. 56; Fent v. T. P. & W. R. R. Co. 59. Ill. 349; 2 Greenleaf's Ev. § 256; Schmidt v. Mitchell, 84 Ill. 201; Cuff v. N. & N. Y. R. R. Co. 25 N. Y. 17; Fairbanks v. Kerr, 70 Pa. St. 86.

The act providing for a recovery in cases of injury arising from the sale of intoxicating liquors, should be strictly construed: Fentz v. Meadows, 72 Ill. 540; Edwards v. Hill, 11 Ill. 23.

Messrs. JOHNSON & HORNER, for appellee; as to the right to recover, cited Rev. Stat. 1874, 439, § 9; Horn v. Smith, 77 Ill. 381; Roth v. Eppy, 80 Ill. 283; Schmidt v. Mitchell, 84 Ill. 195; Dunvoy v. Blinn, 11 Ohio St. 331; Milford v. Clewell, 21 Ohio St. 191.

The party is liable for the selling by his agent: Mullinix v. The People, 76 Ill. 211; Keedy v. Howe, 72 Ill. 133; Riley v. State, 43 Miss. 397; Stevens v. The People, 67 Ill. 587.

WALL, J. This was an action of debt, commenced at the January term, 1878, of the Randolph County Court, by appellee against appellants, on the saloon bond of E. A. Lueken. The declaration alleges that E. A. Lueken, on the 20th day of April, 1876, obtained a license from the president and board of trustees of the village of Kaskaskia, to keep a saloon from that date until April 20th, 1877, and that defendant entered into bond, etc. That during the time for which said license was issued the said Leuken sold and gave to one Frank Bevenue intoxicating liquor, whereby said Bevenue became intoxicated, and by reason of such intoxication entered into an altercation with one John Buatte, the bar-tender of said Leuken, and during such altercation said John Buatte threw a glass tumbler at Frank Bevenue, and missed Bevenue and struck Louis Lortz —the party for whose use this suit was commenced—on the head, whereby Lortz was greatly injured, etc.

Conceding that the evidence in this case supports the averments of the declaration, we are of the opinion that

there is no cause of action. The injury complained of is not in a legal sense, the natural and proximate consequence of the alleged act of the defendant. A new force or power has intervened, of itself sufficient to stand for the cause of the mischief. It is essentially a matter of speculation whether the same injury would not have been sustained if the alleged act of the defendant in selling the liquor to Bevenue had not been committed. The defendant could hardly be presumed to have foreseen that his act of selling the liquor would have produced or been followed by the altercation in which a stroke aimed at Bevenue would fall upon the plaintiff, and therefore he cannot be held responsible. Fent v. T. P. & W. R. R. Co. 59 Ill. 349; Shugart v. Egan, 83 Ill. 56.

The judgment must be reversed, and as there is no cause of action shown, the case will not be remanded.

Reversed.