## Adam Gintz and D. M. Hart v. Eva C. Bradley.

1. Intoxicating Liquors—*Suits for Damages—Evidence of Gambling.*—In an action under the dram shop act for damages, it was claimed that as a result of the intoxication the husband of the plaintiff lost his money at gambling. The defendant offered to prove that he was in the habit of gambling, but the court refused to hear such evidence, and therein committed error.

2. Same—*Instructions.*—An instruction which bases in law a right of recovery if the person was intoxicated in whole or in part, and lost his money in consequence of such intoxication, is erroneous. The statute bases a right of recovery on intoxication, and not part intoxication.

Memorandum.—Action for damages for the sale of intoxicating liquors. Appeal from the Circuit Court of Perry County; the Hon.

BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1894. Reversed and remanded. Opinion filed June 23, 1894.

The opinion states the case.

TURNER & HOLDER, attorneys for appellants.

HAWKINS & HAWKINS, attorneys for appellee.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee is the wife of one J. B. Bradley, to whom it is alleged Hart, a saloon keeper, sold liquor, in a building owned by Gintz, causing intoxication, whereby Bradley lost some $50, and was beaten, thrown out of a house into the street. thereby became sick, and lost his job as a railroad brakeman, by reason whereof appellee was injured in her property and means of support. The appellee recovered a judgment in the court below for the sum of $300. The facts briefly stated are that on the 15th day of September, 1892, at about 7 o'clock P. M., Bradley went into Hart's saloon, was challenged by a stranger to shake dice, accepted and won, receiving a cigar, shook again, and lost, when he set up the beer; took one drink himself. In a few minutes thereafter took a drink of whisky; then went into an unoccupied room adjoining the saloon that had been used as a dining room of a hotel, and then was undergoing repairs, by Fisher, a carpenter, and Benedict and Johns, painters, who were working for Fisher.

This room was no part of the saloon and was not under the control of Hart. Bradley there sat down at a table, at the invitation of Benedict, as he says, to take lunch. It appears that Fisher and Johns were also present. Bradley soon got to playing cards with some of these men, lost his money, and pawned his watch to raise more. After midnight some trouble occurred, which resulted in Bradley being put out into the street, where it is claimed he wandered during the rest of the night. It also appears from the evidence that Hart was absent from home until about ten o'clock

that night (his bartender being in charge of the saloon during his absence), when he went to the saloon, and at the request of Benedict sold the latter a bottle of whisky. At that time Bradley was playing cards, and, having lost his money, placed his watch in Hart's possession, in pledge for $20 more. Fisher and Hart testify that he was not drunk at that time. Hart at no time took any part in the game, and had no relation with the men who were playing. About half past eleven o'clock he closed the saloon and went home, Fisher leaving at the same time. Bradley claims the first drink of whisky had a peculiar taste, and caused him to lose consciousness to a large extent, so that he claims to have no recollection of playing cards or how he lost his money or watch. The watch was returned to him; he does recollect the fact of Hart's return and bringing in some whisky about the time stated; that he drank some of it, the sounding of a whistle on the "Short Line" road, about ten o'clock; taking out his watch and determining that it was too late to make the train for Du Quoin, where he wanted to go.

The statement of Bradley alone, as to the effect of the whisky on him, is the only evidence that it was drugged. There is evidence, on the contrary, that no such liquor was kept in the house. The bartender died before the trial. In view of the evidence we are not inclined to believe the liquor was drugged, or that he was so affected by it that he did not know what he was doing when he engaged in the game of cards.

There is no evidence to show he was not in the habit of gambling. The appellants offered to prove that he was, but the court refused to hear such evidence and therein committed error. If he was in the habit of gambling, as must be inferred from the objection of his counsel, the greater the probability that he would have engaged in the game of cards, drunk or sober. There is no pretense he was drunk when he gambled for cigars and beer with a total stranger. In fact he testified he was then perfectly sober. There is no pretense the appellants, or either of them, or the bartender,

encouraged him to gamble that night with the painters, Benedict and Johns.

The law did not require appellants to presume, even if it is admitted Bradley was intoxicated, that he would be knocked down and thrown out into the street, or that he would engage in gambling and thereby lose his money. Shugart v. Egan, 83 Ill. 56; Schmidt et al. v. Mitchell, 84 Ill. 201.

The first instruction given for appellee was erroneous. It based in law a right of recovery if "the said J. B. Bradley was intoxicated in whole or in part" and lost his money "in consequence of such intoxication." The statute bases a right of recovery on intoxication and not part intoxication. For the errors indicated, the judgment will be reversed and the cause remanded.