## Anton Schulte v. Joseph Menke, et al.

1. INTOXICATING LIQUOR—*liability from sale of.* A saloon-keeper, under the statute, is only responsible for the natural and probable results of the sale of intoxicating liquor.

2. DRAM-SHOP ACT—*how construed.* This act is penal in character, provides a right unknown to the common law, is strictly construed, and a person to recover thereunder must bring himself clearly within its provisions.

3. DRAM-SHOP ACT—*section 8 of the, construed.* The statutory provision does not render a saloon-keeper liable for the care of one injured by an intoxicated person to whom such saloon-keeper has sold liquor; nor does such provision render a saloon-keeper liable for the care of one who is injured, not in consequence of the intoxication, but of the wilful criminal act of a third party, even though the party injured was at the time intoxicated.

Action under Dram-Shop Act. Appeal from the Circuit Court of Calhoun County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in

this court at the May term, 1903.   Affirmed.   Opinion filed November 9, 1903.

CHARLES TEMPLE and J. F. GREATHOUSE, for appellant.

CHARLES J. MACAULEY and THOMAS F. FERNS, for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The defendants filed general and special demurrers to the plaintiff's declaration consisting of two counts. The court sustained the demurrer and dismissed the suit and gave judgment for costs against the plaintiff, who brings the case to this court by appeal. The first count of the declaration alleges that appellees, on the 9th day of March, 1902, in the village of Brussels, at the County of Calhoun, State of Illinois, sold intoxicating liquors to one John Pohlman and one Frank Brock, and in consequence thereof, the said Pohlman and Brock became and were intoxicated upon the said liquors so sold to them, and while so drunk and intoxicated, the said Pohlman made an assault upon the person of the said Frank Brock with a buggy hub and spoke attached thereto, inflicting upon the latter divers injuries, both internal and external; and the appellant then and there took charge of the said Frank Brock while he was so intoxicated upon the liquors so sold to him by appellees, and cared for and provided for him, the said Frank Brock, and while he was in a helpless, delirious and unconscious state, and kept and cared for him, the said Frank Brock, for the space of two hundred and thirty-one days, for which an action has accrued to him, appellant, to have and recover for his said services, in taking care of the said Brock while thus intoxicated as aforesaid, and as compensation therefor, from the said appellees, the sum of $1,538; and also, the further sum of $2 per day for each day the said Frank Brock was so kept by the appellant, as aforesaid, amounting to the further sum of $462. The second count of the declaration alleges in substance, substantially the same matters alleged in the first count thereof, except

in the first count the said John Pohlman and Frank Brock were both intoxicated upon the liquors sold to them by appellees, and in the second count the declaration alleges that intoxicating liquors were sold only to the said Frank Brock, by means of which he then and there became intoxicated, rendering him helpless, delirious and unconscious. The cause of action sought to be stated by the declaration is based upon the following provision of the Dram-Shop Act:

"Every person who shall, by the sale of intoxicating liquors, with or without a license, cause the intoxication of any other person, shall be liable for and compelled to pay a reasonable compensation to any person who may take charge of and provide for such intoxicated person, and $2 per day in addition thereto for every day such intoxicated person shall be kept in consequence of such intoxication, which sums may be recovered in an action of debt before any court having competent jurisdiction." Hurd's Revised Statutes, chap. 43, sec. 8.

The defendants, who were saloon-keepers, were responsible only for the natural and probable results of the sale of intoxicants to Brock and Pohlman. They were not legally liable for consequences which could not have been foreseen or reasonably expected to occur as a direct or natural result of the use as a beverage of the intoxicating liquors sold by them to Brock and Pohlman. Parsons on Contracts (8th Ed.), Vol. 3, star page 180; City of Peoria v. Adams, 72 Ill. App. 672; Shugart v. Egan, 83 Ill. 56; Schmidt v. Mitchell, 84 Ill. 195; Lueken v. People, 3 Ill. App. 375; Cooley on Torts (note one), page 74; Fairbanks v. Kerr, 70 Pa. State, 86; Krach v. Heillan, 53 Ind. 526.

The law did not require appellee to presume that Brock would be assaulted or brutally beaten and injured by Pohlman. Shugart v. Egan, 83 Ill. 56; Schmidt v. Mitchell, 84 Ill. 201; Gintz v. Bradley, 53 Ill. App. 597. It is not a natural and probable result of intoxication that the person intoxicated should come to his death or receive great bodily harm by the willful criminal act of a third party. On the contrary, it is the common experience of mankind that the condition of one intoxicated invites protection against

violence, rather than attack.   Shugart v. Egan, 83 Ill. 56;
Schmidt v. Mitchell, 84 Ill. 195; Gintz v. Bradley, 53 Ill.
App. 597; Hays v. Waite, 36 Ill. App. 401.

The Dram-Shop Act is a statute penal in character and
provides a right unknown to the common law, and accord-
ing to well understood canons, should receive a strict con-
struction.   And to recover, appellant must bring himself
clearly within its terms.   Brannon v. Adams, 76 Ill. 337;
Cruse v. Aden, 127 Ill. 239; Albrecht v. The People, 78 Ill.
510; Meidel v. Anthis, 71 Ill. 241; Freese v. Tripp, 70 Ill.
496.

Section eight of the Dram-Shop Act now under considera-
tion, does not make a saloon-keeper liable for the care and
keep of a person who has been injured by an intoxicated
person to whom the saloon-keeper sold liquor, and whose
intoxication the saloon-keeper caused; nor does said section
make a saloon-keeper liable for the care and keep of one
who is injured, not in consequence of the intoxication, but
in consequence of the willful criminal act of a third party,
even though the party injured was at the time he received
such injury, intoxicated.   But under said section eight the
saloon-keeper who sells intoxicating liquors to a person and
causes his intoxication is liable for the care and keep of
such intoxicated person in the following cases only:   He is
liable in the first place, to pay a reasonable sum for taking
care of the person while he is intoxicated and unable to
care for himself; and then, if his drunkenness caused him to
become sick, or if while drunk, and in consequence of the
intoxication, he injures himself so as to require others to
take care of him on account of his inability to care for him-
self, then the saloon-keeper is liable to pay a penalty of
two dollars a day to the person who takes care of him.   In
construing this section of the statute the Supreme Court in
Brannon v. Adams, 76 Ill. 335, said: ,

" The language of the statute contemplates two conditions
in which the person cared for may be.   The first is mani-
festly to take charge of and provide for him while drunk.
Then what is the other condition?   It would seem to be
for necessarily keeping him in consequence of such drunk-

enness.   If sickness ensues from and as a consequence of such drunkenness, or if while drunk, he should injure himself, or become disabled, as a consequence of his drunkenness, and it thereby becomes necessary that care should be bestowed upon him, then the person doing so would be entitled to $2 a day during, and only during, the time that such care should be necessary."

The intervention of the independent act of Pohlman in this case between the wrong complained of and the injury sustained, was the direct or immediate cause of Brock's injury.   The sale of the liquor was not the proximate cause of his injury, and therefore appellees are not liable.   Wharton on Negligence, sec. 134; Am. & Eng. Ency. of Law, Vol. 21, page 493; City of Peoria v. Adams, 72 Ill. App. 663; Scheffer v. Railroad Co., 105 U. S. 249; Bradford v. Boley, 167 Pa. State, 512; Shugart v. Egan, 83 Ill. 56; Schmidt v. Mitchell, 84 Ill. 195.   The demurrer was properly sustained and the judgment of the Circuit Court will be affirmed.

*Affirmed.*