## Sylvia Weisguth, Appellee, v. John Stack, Appellant.

1. DRAM-SHOPS—*proximate cause in action under section 9 of Act defined.* "The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation. The causes that are merely incidental or instruments of a superior or controlling agency are not the proximate causes and the responsible ones, though they may be nearer in time to the result. It is only when the causes are independent of each other that the nearest is, of course, to be charged with the disaster. The proximate cause is the dominant cause, not the one which is incidental to that cause, its mere instrument, though the latter may be nearest in place and time to the loss."

2. DRAM-SHOPS—*sections 8 and 9 distinguished.* Under section 8 there could only be a recovery for the care of the intoxicated person, while under section 9 there can be a recovery for injury or death although the person injured or killed was not intoxicated.

Appeal from the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911. *Certiorari* denied by Supreme Court (making opinion final).

CHARLES A. KARCH, W. H. NELMS, CARL M. REISCH, RUFUS M. POTTS and ALFRED ADAMS, for appellant.

No appearance for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a suit brought by appellee under section 9 of the Dram-Shop Act against Pat Dwyer, a saloon keeper, and John Stack, the owner of the building, to recover damages for injury to her means of support, in consequence of the intoxication of her husband, John Weisguth, caused by the sale to him of intoxicating liquors by Dwyer.

The facts upon which the case is based are not disputed, and are in brief as follows: On March 13, 1910, John Weisguth, clerk in a railroad office and living in East St. Louis, went to Dwyer's saloon to cash his pay

check for $85.  Dwyer went with him to another saloon where the check was cashed and they then returned to Dwyer's place where Weisguth purchased liquors, became intoxicated and finally, about 10 o'clock P. M. went to sleep in a back room of the saloon, where drinks were served.  When he went to sleep he had upon his person the money which he had procured upon the check and a small amount in addition thereto. After sleeping an hour or more he was awakened so that the saloon could be closed, and it was discovered that his money was gone.  His clothing was disarranged and it was evident that some one had robbed him of his money while he was sleeping.  Upon the trial the jury found in favor of appellee, assessing her damages at $85 and for that amount judgment was given.

This appeal is taken by John Stack, the owner of the building alone, and appellee has filed no brief but upon an examination of the record we have deemed it proper to decide the case upon its merits.

It is stated by appellant in his brief that "the sole question is whether or not the intoxication of Weisguth was the cause of the alleged injury to the plaintiff or stating it conversely, whether or not the alleged injury to the plaintiff was in consequence of the intoxication of her husband."  The question thus presented is therefore the only one necessary for us to consider upon this appeal.

It is insisted by appellant that the facts in the case show that the proximate cause of the injury to her was not the intoxication of her husband, but that it was the intervening and independent act of the person who robbed him.

It has been well stated in Black on Intoxicating Liquors, page 311:  "The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation.  The causes that are merely incidental or instruments of a superior or controlling

agency are not the proximate causes and the responsible ones, though they may be nearer in time to the result. It is only when the causes are independent of each other that the nearest is of course, to be charged with the disaster. The proximate cause is the dominant cause, not the one which is incidental to that cause, its mere instrument, though the latter may be nearest in place and time to the loss.''

In the opinion in Schroder v. Crawford, 94 Ill. 357, which is quoted with approval in Triggs v. McIntyre, 215 Ill. 369, it is stated that ''It was not the intention that the intoxicating liquor alone of itself, exclusive of other agency, should do the whole injury. That would fall quite short of the measure of remedy intended to be given. The statute was designed for a practical end, to give a substantial remedy, and should be allowed to have effect according to its natural and obvious meaning. It is said there was here an intervening agency which caused the death, to wit, the train of cars; that that was the proximate cause, and the intoxication but the remote cause, and that the proximate cause only is to be looked to. So it might be said where one from intoxication lies down and becomes frozen to death, or falls into the fire and is burned to death, or is drowned by a freshet as in Hackett v. Smelsley, 77 Ill. 109, that the intervening agency of frost, fire and the freshet occasioned the death and was the proximate cause, and thus no liability under this statute.''

From these authorities it appears that when the cause is other than the intoxication it must be entirely independent of the intoxication, but when the injury is in consequence of the intoxication it is not necessary that it be exclusive of any other agency. That is to say, that it is not sufficient that in the absence of the cars, the freshet or the freezing, there would have been no fatality but on the contrary it is sufficient to show these agencies would not have caused the death in the absence of the intoxication. So, in this case,

while it is apparent that there would have been no robbery without a robber to commit it, on the other hand the jury were justified in finding, as they must have, that the money would not have been taken from Weisguth had he not been in a drunken sleep brought about by the intoxication.

Appellant however insists when an injury is done intentionally or wilfully and is chargeable to some person, the rule is different from what it is when brought about unavoidably and unintentionally; that in the former case the intoxication is not to be considered the proximate cause of the injury. He cites a number of cases of our state in support of his position and those most strongly relied upon are here referred to.

In Shugart v. Egan, 83 Ill. 56, wherein the court reversed a judgment in favor of the wife, it is stated: "It is claimed that the plaintiff's husband, while in a state of intoxication caused by liquors obtained by him from the defendant Friel, insulted or menaced one McGraw, who thereupon stabbed him, inflicting a wound whereof he died shortly afterwards  *  *  *  All that can be certainly said of the act of Friel in letting plaintiff's husband have liquor, is, that act caused or contributed to his intoxication; his intoxication may have been the cause of his insulting or menacing McGraw, and McGraw's act of stabbing him may have been because of this insult or menace; and because of this stabbing he died. But it is not entirely certain he would not have insulted or menaced McGraw if he had not had any liquor, nor is it entirely certain that McGraw stabbed him in consequence of such menace or insult." So it seems the judgment was reversed, not because the killing was done by a person intentionally, who could be held accountable therefor, but because it was not proven the killing was the result of the intoxication.

In Schmidt v. Mitchell, 84 Ill. 195, it appeared the husband while intoxicated, made an attack on and

broke in the windows of the house of a man who shot him in the thigh; that he got along well for a few days but disregarding the instructions of his doctor used the injured leg and thereafter gangrene set in, the leg had to be amputated, and death ensued. The court held it was not shown the intoxication was the proximate cause of death.

In Schulte v. Menke, 111 Ill. App. 212, Pohlman and Brock became intoxicated and quarreled, the former assaulted the latter and wounded him, appellant took care of Brock during his injury and then sought to recover for his services from the appellees who sold the liquor and caused the intoxication, under section 8 of the Dram-Shop Act. A demurrer was filed to the declaration, sustained by the court and judgment entered against appellant for costs. On the appeal the judgment was sustained and in its opinion the court said: "The intervention of the independent act of Pohlman in this case between the wrong complained of and the injury sustained, was the direct or immediate cause of Brock's injury."

There is a sharp distinction between the provisions of sections 8 and 9 of the Dram-Shop Act. Under the first there can only be a recovery for the care of the intoxicated person, while under the second there can be a recovery for injury or death, although the person injured or killed was not intoxicated. So in the above case the fact that Pohlman was intoxicated added nothing to appellant's right to recover, his right being based solely on the intoxication of Brock.

The case of Gage v. Harvey, 66 Ark. 68, referred to and to a large extent relied upon by appellant, was similar to the case at bar and it was there held, that where one became intoxicated and thereby incapacitated to take care of his money and the same was forcibly taken from his pockets without his knowledge or consent by some one, he could not maintain an action against the keeper of the dram-shop who sold him the liquor causing the intoxication and the sureties on

the bond to recover the money taken. It is there said: "The act must in a natural and continuous sequence, unbroken by any new cause, operate as an efficient cause of the injury. If a third person intervenes between the act of the defendant and the injury, and does a culpable act for which he is legally responsible, which produces the injury, and without it the injury would not have occurred, and the act of the defendant furnished merely an occasion for the injury, but not an efficient cause, the defendant would not be liable * * * The sale and consumption of the liquor may have furnished the opportunity or occasion for the wrongful act of the third person, but was not the proximate cause of the injury."

The statute of Arkansas, under which the suit was brought, was not the same as ours which we have under consideration here, which is much fuller and more favorable to parties bringing suit for injuries caused by the sale of intoxicating liquors. But apart from the difference in the statutes, we cannot agree with the reasoning of the opinion in that case and it appears to us to be entirely at variance with the theory of the law adopted by our supreme and appellate courts as applicable to our Dram-Shop Act. What is said in that opinion in regard to the intoxication only furnishing the opportunity for the injury and not being the efficient or proximate cause thereof, might apply with equal force to cases where persons intoxicated are run over by railroad cars, frozen or drowned, in which cases recoveries under the Dram-Shop Act have been sustained by our courts of appeal.

We are of opinion that appellee was injured in her means of support by her husband's loss of the money, in consequence of his intoxication, and that it is immaterial so far as her right of recovery is concerned, that the act of another person contributed to bring about the loss or formed a part of the chain of circumstances which occasioned that result.

The judgment of the court below will be affirmed.

*Judgment affirmed.*