## W. W. KIMBALL
### v.
## HORACE A. HURLBUT.

LIABILITY OF FIRE INSURANCE COMPANIES UNDER STATUTE—STATUTE OF LIMITATIONS.—The liability imposed by the sixteenth section of the Statute in relation to fire insurance companies, being in the nature of a statutory penalty, is within the provisions of the fourteenth section of the Statute of Limitations, and is barred after two years from the time the action therefor accrues.

APPEAL from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding. Opinion filed January 3, 1883.

This was an action of debt, brought by Horace A. Hurlbut, a creditor of the Great Western Insurance Company, an insurance corporation organized under the laws of the State of Illinois, against W. W. Kimball, a stockholder in said company, to enforce the liability imposed by the sixteenth section of the act in relation to fire insurance companies. The defendant pleaded *nil debet*, and also the Statute of Limitations, alleging in the latter plea, that the suit was not

commenced within two years next after the cause of action accrued. A demurrer to the plea of the Statute of Limitations was sustained, and a trial was thereupon had before the court without a jury, resulting in a finding and judgment in favor of the plaintiff. The defendant brings the record to this court by appeal, and assigns for error among other things, the decision of the court below sustaining said demurrer.

Mr. S. K. Dow, for appellant; that the liability of fire insurance companies under Sec. 16 of the general insurance law of this State is a penal liability, and subject to Sec. 14 of the Statute of Limitations, cited Weidinger v. Spruance, 101 Ill. 278; Diversey v. Smith, 103 Ill. 378; Diversey v. Smith, 9 Bradwell, 437; Gridley v. Barnes, 103 Ill. 211; Gulliver v. Roelle, 100 Ill. 141.

Messrs. SHUFELDT & WESTOVER, for appellee.

PER CURIAM. The decision of the Supreme Court in Gridley v. Barnes, 103 Ill. 211, is decisive of this case. It is there held that the liability imposed by the sixteenth section of the statute in relation to fire insurance companies, being in the nature of a statutory penalty, is within the provisions of the fourteenth section of the Statute of Limitations, and is barred after two years from the time the action therefor accrues. It follows that the court below erred in sustaining the demurrer to the defendant's plea setting up that period of limitation. The judgment must therefore be reversed, and the cause remanded.

Judgment reversed.