## Illinois & St. Louis Railroad and Coal Co.

### v.

### People, etc.

19 141
42 389
122s 506

19 141
149s 398

19 141
160s 247

19 141
97 ³204

1. STATUTORY REMEDY—PLEADING.—The treble damages allowed by section 85, chapter 114 of the statute, is in the nature of a penalty and can only be recovered when specially declared for in the manner prescribed by the statute.

2. SAME — STATUTE OF LIMITATIONS. — Where the first declaration alleged a cause of action against appellant as a common carrier, for a refusal to furnish cars to transport freight, and the amended declaration declared under sections 84 and 85, chapter 114 of the statute, for treble damages, *held*, that the two years Statute of Limitations is a good plea to the amended declaration; otherwise treble damages could be recovered on a declaration filed at any time within five years by bringing the action in the first instance for single damages and then amending.

3. SAME—STATUTE CONSTRUED.—This statute, imposing a liability for treble damages, is highly penal and must be strictly construed. The language "as shall within a reasonable time previous thereto *be ready* or *be offered* for transportation," can not be extended so as to include coal in the earth, to be dug and raised from the mine after cars are furnished.

4. CUSTOM OR USAGE.—Custom or usage in the shipment of certain classes of freight may fix the liability of a carrier for a refusal to transport that kind of freight in conformity to the custom, but custom and usage can not be held to extend the terms of a penal statute.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 15, 1886.

Messrs. G. & G. A. KOERNER, for appellant.

Mr. R. A. HALBERT and Mr. E. L. THOMAS, for appellees.

WILKIN, J. This was originally an °action of assumpsit. The declaration was filed May 4, 1882.

It claimed single damages and made no reference to the statute. It was brought in the names of John Beaird and Charles Schroeder.

On the seventh of March, 1883, the amended declaration

upon which the trial was had was filed. This declaration is in debt. It counts expressly upon the statute for treble damages, and is in the name of the People, etc., for the use of John Beaird and Charles Schroeder. To the amended declaration the appellant filed a plea setting up the two years Statute of Limitations. To it a general demurrer was sustained by the court below, and this is one of the errors assigned on the record.

Counsel on both sides, in their arguments, speak of other amended declarations, but we find but the two above mentioned in the record, and of course can only consider them in deciding the case.

The first declaration alleges a cause of action against appellant, as a common carrier, for a refusal to furnish cars to transport coal from appellee's mine, and claims damages as at common law. The declaration to which the plea was filed also charges appellant as a common carrier with a refusal to furnish cars, but declares under Sec. 84 and 85, chapter 114, of our statute, for treble damages.

The treble damages allowed by Sec. 85 is in the nature of a penalty, and can only be recovered when specially declared for in the manner prescribed by the statute. Pace et al. v. Vaughan, 1 Gil. 32.

There could, therefore, have been no recovery of treble damages under the first declaration, whereas there may be under this. The one is for simple damages, the other for a penalty Pace et al. v. Vaughan, *supra;* Weidenger v. Spruance, 101 Ill. 287; Gridley v. Barnes et al., 103 Ill. 214.

While it is true that the cause of action in each case grows out of the same state of facts, yet there is a complete change of remedies.

As against the first action the Statute of Limitation was five years; against the last, being the more harsh and severe remedy, two years would bar the recovery. To hold that the two years limitation shall not be pleaded to the amendment in this case would enable the appellee to recover damages in the nature of a penalty on a declaration filed more than two years after the cause of action occurred, thereby rendering nugatory

the express provisions of the statute. If the position con-
tended for by appellee is correct this penalty of treble dam-
ages may be recovered on a declaration filed, at any time with-
in five years, by bringing the action in the first instance for
single damages and then amending. This, as was said by
Chief Justice Lawrence in I. C. R. R. Co. v. Cobb, Christy &
Co., 64th Ill. R. 140, would substantially break down the
protection intended to be given by the statute.

The right of appellant to file this plea to the amended dec-
laration is sustained, both because a new cause of action is
introduced by the amendment, and because there is a complete
change of remedies, the plea being proper to the amended
declaration or last remedy but not to the former.

The demurrer to the third plea should have been overruled.
In view of the stipulation of March 20, 1884, appellant was
in no way prejudiced by the judgment of the court in sustain-
ing the demurrer to the 4th and 5th special pleas. The in-
structions are not properly before this court for review. No
objection was made to any of them in the motion for new
trial; nor do we feel called upon to enter into a critical
examination of the evidence admitted over objection, or ex-
cluded. We see no substantial objection to the rulings of the
court in that regard.

The suit was properly brought in the name of the people,
for the use, etc. Treble damages could only be recovered by
so suing under the express terms of the statute.

Appellant is in no condition to complain, at this time, that
it is not also sued in this action for the forfeiture mentioned
in the statute.

The remaining question involved in this record and the one
which goes to the entire merits of the case, is whether or not
appellees, by their declaration and proofs, bring themselves
within the provisions of sections 84 and 85 of chapter 114 R.
S., so as to enable them to recover treble damages.

The first of the above named sections requires every rail-
road corporation in this State to " furnish, start and run cars
for the transportation of such passengers and property as shall
within a reasonable time previous thereto be ready or be

offered for transportation at the several stations on its road, etc."

. The theory of appellees' case is that the customary mode of transporting coal by appellant and other companies being for the carrier to furnish cars on switches at the mines on request of the shipper, there to remain until the coal is mined, hoisted and dumped into the cars, the appellant having been from time to time notified by them that they required a certain number of cars daily, and it having failed to furnish them, that it became liable under section 85, *supra,* for the penalty therein provided.

That it is the duty of common carriers to receive and transport freight according to the custom and usage of the country is true, and for a failure or refusal to do so, they are no doubt, as a general rule, liable to respond in compensatory damages, but such is not the remedy pursued by the appellees in this case. The statute imposing a liability for treble damages is highly penal, and by well understood rules must be strictly construed. The language, "as shall within a reasonable time previous thereto be ready or be offered for transportation" can not be extended so as to include coal in the earth, to be dug and raised from the mine after cars are furnished. There is neither allegation or proof that the appellees had coal ready or that they offered coal for shipment. By this statute railroad companies are made liable for treble damages for a failure, or refusal, to furnish cars, receive and carry freight ready for shipment. The attempt here is to make them liable for a like penalty for a failure to furnish cars to be retained by the shipper until the freight is prepared for transportation, thereby making the carrier, under penalty, take the risk of delay or even failure to furnish the freight. The custom or usage in the shipment of certain classes of freight may fix the liability of a carrier for a refusal to transport that kind of freight in conformity to the custom, but custom and usage can not be held to extend the terms of a penal statute.

The judgment of the court below is reversed.

Reversed.