THE PEOPLE, for the use of John Beaird *et al.*

*v*

THE ILLINOIS AND ST. LOUIS RAILROAD AND COAL COMPANY.

*Filed at Mt. Vernon November 8, 1887.*

1. RAILROADS—*neglect to furnish transportation for coal not yet mined.* The statute, which provides that "every railroad corporation in the State shall start and run cars for the transportation of such passengers and property as shall, within a reasonable time previous thereto, be ready or offered for transportation," can not be so extended as to include coal in the earth, to be dug and raised from the mines after cars are furnished, so that the carrier, for any neglect in that regard, will be subject to the treble penalty provided in the statute.

2. APPEAL—*reviewing action of Appellate Court—only as to matters of record, and upon assignment of error.* The action of the Appellate Court in refusing to allow an amendment of the record on petition for a rehearing, so as to obviate an error apparent in the record, can not be reviewed by this court, when such refusal is not assigned for error, and when the stipulation of the parties to amend the transcript of the record from the trial court is not made a part of the record of the proceedings in the Appellate Court.

3. SAME—*what becomes a part of the record.* The statement of the clerk of the Appellate Court, that a stipulation of the parties in a case was filed in that court, giving a copy thereof, will not make the stipulation a part of the record.

4. SAME—*examining opinion of Appellate Court—reviewing facts.* This court can not look into the opinion of the Appellate Court to learn on what

its judgment was based, nor will it examine the evidence to ascertain whether the Appellate Court found correctly as to the facts in the case.

5. SAME—*non-recital of facts by Appellate Court.* If the Appellate Court does not recite the facts of the case in its final order, it will be deemed to have found them the same as the trial court.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. R. A. HALBERT, and Mr. E. L. THOMAS, for the plaintiffs in error.

Messrs. G. & G. A. KOERNER, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This cause was originally commenced by John Beaird and Charles Schroeter, as partners, against the Illinois and St. Louis Railroad and Coal Company, in the circuit court, to recover damages for the failure of defendant to furnish cars and transport coal for plaintiffs, as it is alleged it was its duty under the law. It seems, however, the trial in the circuit court was had on an amended declaration, filed by leave of court on the 7th day of March, 1883, in which plaintiffs claimed treble damages, under the statute, for the failure of the defendant to perform the duty it is alleged it owed to plaintiffs in that regard. Among other pleas to that amended declaration there was one of the Statute of Limitations of two years, to which it appears the trial court sustained a demurrer. At the trial, plaintiffs obtained a verdict, upon which the court rendered judgment. That judgment, on the appeal of defendant, was reversed by the Appellate Court for the Fourth District, and judgment rendered against plaintiffs for costs.

The errors assigned upon the record of the Appellate Court are, first, the Appellate Court erred in reversing the judgment of the circuit court; and second, the Appellate Court erred in not affirming the judgment of the circuit court.

The first point made against the judgment of the Appellate Court is, that court found the circuit court erred in sustaining a demurrer to the plea of the Statute of Limitations of two years, pleaded to the amended declaration filed March 7, 1883. There is nothing in the judgment of the Appellate Court to show what that court found in regard to that plea, or anything else. It is a simple judgment of reversal, and nothing more.

Counsel suggest that other declarations, from June 9, 1882, claiming treble damages by virtue of the statute, the same as the declaration of March 7, 1883, had been filed; but the Appellate Court not finding either of these declarations in the record, although admitted by both parties in their briefs to have been filed in the court below, refused to take any notice of the admission; and as the amended declaration of March 7, 1883, when compared with the first declaration, showed a new cause of action, in that it claimed treble damages under the statute, held the circuit court erred in sustaining the demurrer to the plea of the Statute of Limitations of two years. It is frankly admitted by counsel, if no such declaration had been in fact filed, the ruling of the Appellate Court would undoubtedly have been correct. It is conceded, now, that the transcript filed in the Appellate Court, and upon which that court pronounced its judgment, did not contain any intermediate declarations which it is said were in fact filed in the circuit court.

As soon as the decision of the Appellate Court was announced, plaintiffs filed a petition for a rehearing, under the rules of that court, and in order to correct the omission in the transcript in regard to such amended declaration, it is said, by stipulation of parties, the declaration of June 9, 1882, (a copy of which is also filed, and is now exhibit "B," to the original transcript,) should be taken by the court as a part of the original record. The complaint is, the court refused to notice this amendment to the record for the reason no suggestion of diminution of record was made in apt time. There are two conclu-

sive reasons why the action of the court in this regard can not be reviewed in this court: First, it is not assigned for error that the Appellate Court erred in refusing to allow the transcript of the record to be amended by the stipulation of the parties; and second, the alleged stipulation of the parties to amend the transcript of the record does not appear in the record of the Appellate Court in such manner as it can be noticed by this court. The clerk of the Appellate Court states such a stipulation of parties was filed, and gives a copy of it; but that does not make it a part of the record. The record does not contain any order in regard to the stipulation of the parties whatever. There is copied into the record what seems to be a brief opinion delivered by the court at a subsequent date,—perhaps in term time, although it is not so stated in the record,—on denying the petition for a rehearing, in which it is said: "The record remains the same as when the case was previously examined. In fact it is admitted, that without some special showing no diminution of the record could at this time be suggested. We are compelled, therefore, to reconsider the case with reference to the two declarations appearing in the case, only." There is no order of the court entered of record either denying or granting leave to amend the transcript of the original record, by stipulation or otherwise, and there is therefore nothing for this court to review in that regard.

The second point made is said to arise upon the construction of the statute. The amended declaration of March 7, 1883, seems to have been framed under the act of March 31, 1874, since amended by the act of 1883. (Sess. Laws of 1883, page 125.) Here, again, it may be said, as the fact is, it does not appear from the judgment, or elsewhere in the record, that the Appellate Court construed this, or any other section of the statute, in making its decision. If it were permissible to examine the published opinion of the court in this case, (19 Bradw. 141,) to ascertain what views the court entertained of the meaning of the statute under which the action was brought,

it will be seen the court held that provision of the statute in regard to carrying freights, which declares, "as shall, within a reasonable time previous thereto, be ready or offered for transportation," can not be extended so as to include coal in the earth, to be dug and raised from the mines after cars are furnished, so that the carrier, for any neglect in that regard, would be subject to the penalty of treble damages provided by the second section of the act. That construction seems reasonable, and one that this court would undoubtedly adopt as the true meaning of the statute.

Lastly it is said, as the Appellate Court did not find the facts as required by statute, upon which it based its decision, and make them a part of its judgment, it will be deemed to have found them as the trial court did. Conceding the rule to be, as it no doubt is, if the Appellate Court finds the facts differently from the trial court it must embody the same in its judgment, and unless it does so it will be taken that it found the facts as the trial court did, still it is not seen, from anything in this record, how the plaintiff is prejudiced in that respect. It is said the Appellate Court reversed the judgment of the trial court because "there is neither allegation nor proof that the appellees (plaintiffs) had coal ready, or that they offered coal for shipping." Certainly it is not the duty of this court to examine the evidence to ascertain whether the Appellate Court found correctly as to the questions of fact in the case. It is no doubt for that reason plaintiffs have not abstracted the evidence said to be contained in this record, for the consideration of this court.

Being unable to discover any error in the record as the case comes before this court, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*