## Thomas McVey v. Eva Williams.

1.  PLEADING—*In Actions Under the Dram-Shop Act.*—In an action under section eight of the dram-shop act for compensation for taking charge of and providing for an intoxicated person, a declaration merely for services rendered necessary by the act of the defendant in producing the intoxication of the person cared for is sufficient.

McVey v. Williams.

2. CONSTRUCTION OF STATUTES—*Section Eight of the Dram-Shop Act.* —Section eight of chapter 68, R. S., in relation to husband and wife, providing that neither shall be entitled to recover compensation for services rendered for the other, applies to suits between husband and wife, and not to actions brought by a wife under the dram-shop act, for services in taking charge of and providing for an intoxicated husband.

**Action** under section eight of the dram-shop act. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

COPY OF DECLARATION.

STATE OF ILLINOIS, ⎱ ss.  In the McLean County Circuit Court.
McLean County. ⎰

Eva Williams, plaintiff, by D. D. Donahue, her attorney, complains of Thomas McVey, defendant, of a plea that he render to the plaintiff the sum of five thousand dollars ($5,000), which he justly owes to and unjustly detained from her, for that whereas, the defendant, on the 12th day of June, A. D. 1896, and at various other times for the past three years, in the city of Bloomington, McLean county, Illinois, by the sale of intoxicating liquors, did cause the intoxication of one Charles M. Williams; and thereupon the plaintiff there took charge of and provided for the said Charles M. Williams, being so intoxicated as aforesaid, and kept him, the said Charles M. Williams, in consequence of said intoxication, for the space of nine hundred days from and including the day aforesaid. By means whereof and by force of the statute in such cases made and provided, an action had accrued to the plaintiff to demand of the defendant a reasonable compensation for so taking charge and providing for the said Charles M. Williams, as aforesaid, which said reasonable compensation amounts to the sum of two thousand five hundred and one dollars ($2,501), parcel of the sum of money above demanded. Yet the defendant, though requested, has not paid to the plaintiff the said sum of five thousand dollars ($5,000) above demanded, or any part thereof, but refuses so to do, to the damage of the plaintiff of five thousand dollars ($5,000), and therefore she brings her suit.

EVA WILLIAMS,<br>*Plaintiff.*

By D. D. DONAHUE, *Her Attorney.*

ROWELL, NEVILLE & LINDLEY, attorneys for appellant.

D. D. DONAHUE and EWING, WIGHT & EWING, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court. This suit was brought by appellee against appellant to

recover under the provisions of section eight of the dram-shop act, a reasonable compensation for taking charge of and providing for an intoxicated person, such intoxication having been caused, as alleged, by liquors supplied by appellant. The jury by which the cause was tried gave its verdict to appellee and awarded her damages at $30, and the trial court having denied the motion of appellant for a new trial and given final judgment upon the verdict, he prosecutes this appeal, and to reverse this judgment, argues that the court admitted improper evidence upon the trial, rejected pertinent evidence offered by him, misdirected the jury in its instructions and refused to properly advise the jury as requested by him, and also that the verdict is against the law and the evidence.

Appellee is the wife of Charles M. Williams, and the evidence tends to prove that, while they lived together as husband and wife, the latter was frequently intoxicated from liquors obtained at appellant's saloon, and when so intoxicated appellee took care of and provided for him. It was objected by appellant on the trial to the proof of more than one occasion of intoxication, because, it is urged, as there was but one count in the declaration, there could be a recovery for but one debt under a penal statute, such as the dram-shop act is. While it may be the rule that an action of debt to recover statutory penalties requires a separate count for each penalty sought to be recovered, yet we think the present action is not to recover a penalty, but merely for compensation for services performed, rendered necessary by the act of appellant producing the intoxication of the person cared for, and hence the argument of counsel is based upon a misapprehension. Upon examination of the declaration we think it sufficient to admit the proof of the several periods of intoxication that was admitted, and the objection to such evidence was properly overruled. It is also insisted by counsel for appellant that after the court had admitted evidence of general intoxication of appellee's husband and the amount of money he spent at appellant's saloon, it erred in rejecting proof of his

general soberness and industry.   We would be better satis-
fied had the trial court allowed answers to the questions to
which objections were sustained.   We find, however, the
court placed the ruling expressly upon the ground that to
have done so would be a repetition of previous statements
of the witness, and to some extent we think this would be
so; but the evidence on this point was not as full as appel-
lant was entitled, and were the damages found by the jury
much larger, we would be constrained to hold the ruling of
the court in this respect prejudicial error; but in view of
the small amount of damages returned, we can not say the
error, if such it was, was harmful, and appellant's complaint
that the damages are excessive is, in our opinion, without
merit.

Much criticism is made against the instructions, but we
find upon examination the law was fairly given to the jury,
and as fully as appellant's rights demanded, and all that
was proper in the refused instructions was contained in
those given by the court at request of appellant.   It is
especially complained the court refused to instruct the jury
that under section 8, chapter 68, in relation to husband and
wife, neither husband nor wife shall be entitled to recover
any compensation for any labor performed or services ren-
dered for the other, whether in the management of prop-
erty or otherwise.   This statute, in our opinion, has no
relation to an action of this kind, and applies only to suits
between husband and wife, and the instruction was prop-
erly refused.   It is also contended generally by appellant
that the wife can not maintain the present action, but
should be relegated to her remedy under section 9 of the
statute under consideration, and further, being under obli-
gation to care for her husband, she has no right of recov-
ery.   Sections 8 and 9 of the dram-shop act are wholly
different in their subjects.   The provisions of the former
are in the interests of the intoxicated person alone, and the
latter affords a remedy to others who may be injured by
reason of such intoxication, or by an intoxicated person.
The duty of the wife to care for her husband, we think,

furnishes no excuse or justification to others to add the burden of intoxication and the incidental cares it brings, and then say the wife must alone bear them. We think whatever additional care was brought upon the wife because of the intoxication of the husband was of proper substance for a reasonable compensation under the statute, and upon this point, which was the real question in issue, the jury was accurately instructed both at the request of appellee and appellant.

It is also insisted the verdict is not supported by the evidence; but upon examination we feel compelled to say the jury were fully warranted in their finding.

Finding no reversible error in the record and proceedings of the Circuit Court, its judgment will be affirmed.