### Illinois Central Railroad Co. v. Robert Bundy.

1. RAILROADS—*As Common Carriers—Duty to Furnish Cars.*—When a shipper requires a car at a railroad station for his exclusive use he must give notice to the railroad company, after which it will have a reasonable time in which to furnish the car.

2. INSTRUCTIONS—*To be Based upon the Evidence.*—Instructions in a case submitted to a jury for its determination must be based upon the evidence in the case.

Assumpsit, to recover damages for delay in furnishing a car for the shipment of stock. Appeal from the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1901. Reversed and remanded. Opinion filed September 4, 1901.

WILLIAM H. GREEN, attorney for appellant; J. M. DICKINSON, of counsel.

CHOISSER, WHITLEY & CHOISSER, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

By the amended declaration, this action was to recover damages for delay in furnishing a car for the shipment of stock from West End, a small station without a telegraph on appellant's road, to Indianapolis. Plea of the general issue, verdict and judgment for appellee for $91.33.

Appellee was a stock dealer who had frequently shipped

stock by appellant's road. He had been told by the station agent to give notice a day before he wanted a car. On Thursday, the 25th of January, he applied to the agent for a car to be furnished on Saturday, January 27th, in which to ship hogs to Indianapolis, and was told by the agent that a car would be provided. Appellee had ninety-eight hogs in the stock pen on Saturday ready to be shipped. They were weighed, a way-bill made out by the agent, except as to the number of the car, but no car was furnished. Appellee testifies that when the freight train stopped on that day, a stock car was set out on the switch, but was at once re-attached to the train and taken away. The agent at West End on Thursday notified Z. A. Dodd, appellant's agent at Thompsonville, that being the nearest telegraph station, that a car was requested at West End on Saturday. Dodd testifies that he received the order from the agent at West End and says:

" I ordered the car without delay through the train dispatcher at Carbondale. * * * I think it was Monday evening it was sent out there. I think it was Saturday I ordered that car."

If this testimony is correct, the car delivered on Monday was sent on the order made by Dodd of Saturday, and not on the order of Thursday.

Allen, the train dispatcher, testifies that as far as he can recollect, he made the request upon the Big Four Railroad Company for the car the same day he received notice. He also testifies that " this was the usual way to procure a car for a shipper at West End." The order was made upon the joint agent of the Big Four and of appellant at El Dorado, a station sixteen miles from West End. Stock cars billed to Indianapolis from West End were hauled on appellant's road to El Dorado, and then transferred to the Big Four. One freight train daily, about 2 p. m., passed east from West End to El Dorado. No car having been provided until Monday evening, appellee sold his hogs to a local dealer at West End.

Damages are claimed for shrinkage in weight, cost of

feeding, and difference in the market price at West End compared with Indianapolis. Counsel for appellant insist that appellant's liability, under the declaration as amended, is a common law liability only, and that the court therefore erred in giving appellee's first instruction.

Their contention is, that when a shipper requires a car at a station for his exclusive use, he must, at common law, give notice to the railroad company, after which notice the company has a reasonable time in which to furnish the car. This is the rule at common law.    Elliott on Railroads, Vol. 4, p. 2293.

This rule is not different under the statute.    Chap. 114, Sec. 84.

The first instruction given for appellee quotes a part of this section.    It declares it to be the duty of every railroad corporation  *  *  *  to furnish  *  *  *  cars for the transportation of such  *  *  *  property as shall, within *a reasonable time previous thereto, be ready or be offered* for transportation," etc.

This clearly implies that there is no duty resting upon a railroad company to furnish a car for the exclusive use of a shipper unless it has had notice that the shipper wants the car.    Reasonable notice to furnish a car, and reasonable time to furnish it after notice, are different ways of saying the same thing.

The time between giving the notice and providing the car, is the interval to be considered in deciding whether or not it is reasonable time.    Appellant's given instructions clearly and forcibly state this rule of reasonable time, and we find no contradictory statement in any instruction for appellee.

It is urged that Sec. 84 is a penal statute and is to be strictly construed.    That is only so when the penalties provided for its violation are sought to be enforced.    Ill. & St. L. Coal Co. v. People, 19 Ill. App. 141.

The third instruction is not open to the criticism that it "presumes that material and disputed facts have been proven."    The qualifying words in the first sentence of the

I. C. R. R. Co. v. Bundy.

instruction, "if you believe from a preponderance of the evidence in this case," clearly and grammatically apply to all the propositions upon which the instruction is based. Toledo W. & W. Ry. Co. v. Lockhart, 71 Ill. 629.

If the railroad company " negligently failed to furnish a car," its negligence must have been in failing to furnish it within a reasonable time after it was ordered. That its duty consisted in furnishing it within such reasonable time, is the gist of all instructions given, bearing upon this duty.

The fourth instruction given for appellee is as follows :

" You are instructed that when a railroad company negligently fails and refuses to furnish trasportation for live stock which has been prepared and offered for shipment to market, and the person so offering said stock is thus deprived of shipping the said stock to the market intended, but sells said stock in consequence thereof in a different market and at a lower price, and is compelled to feed and care for said stock until their sale in such market, and the said live stock in number of pounds when such stock is valued by the pound, that such railroad company would, in such case, be liable to the shipper for the actual damage sustained."

This instruction should not have been given.

The sentence " and the said live stock in number of pounds when such stock is valued by the pound," as used in the instruction is not pertinent and has no application. Neither is there evidence to support the proposition that appellant failed and refused to furnish transportation. The evidence shows that a car was furnished Monday. If appellee is entitled to recover it is for delay in furnishing transportation, and not for an entire failure to furnish it. Nor is there evidence that appellee was compelled to sell his hogs at West End' by reason of a failure to furnish transportation. He chose to sell them rather than wait for a car. If he had kept them and shipped them on Monday, when a car was furnished, but had suffered loss through neglect of appellant in furnishing a car, his grounds of recovery, if any, would have been the same as they are now.

For the error in the instruction, the judgment of the Circuit Court is reversed and the case remanded.