## CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. RISLEY BROTHERS & COMPANY.

### Decided April 3, 1909.

**1.—Railroads—Failure to Furnish Cars—Statute Construed.**

Articles 4497, Rev. Stats. does not impose upon railroad companies the duty of supplying a particular kind of car, and the shipper who, in his requisition for cars, imposes upon the company that duty does not bring himself within the letter of the statute giving the penalty for failure to supply cars, and therefore cannot recover the same.

**2.—Same.**

When a requisition upon a railroad company is for ten cars of a certain kind and of a certain capacity or "their equivalent in different capacity cars," the company is entitled to more than three days notice within which to furnish the cars.

**3.—Same—Requisition for Cars Construed.**

A certain demand upon a railroad company for ten gondola or coal cars "that is, such cars as are suitable to be loaded with crushed stone," means

that the shipper desired gondola or coal cars, which he considered suitable for his purpose.

#### 4.—Same—Statute Construed.

The statute (article 4502. Rev. Stats.) requiring the shipper to prove that he had on hand at the time of making his order for cars the necessary freight for loading them, forbids any character of speculation and precludes a shipper from recovering the penalty when such freight in form and condition to be shipped is not then on hand, even though such shipper may otherwise be able to show that he could have had the property ready at the time and place to load the cars if they had been furnished on his order.

#### 5.—Same—Case Stated.

Where it appeared from the evidence that at the time a shipper made demand upon a railroad company for a certain number of cars in which to ship crushed stone, the stone had not been crushed, but the shipper had intended to crush the same after the cars were placed and to load them directly from the crushing mill, the shipper was not the "owner", within the meaning of the statute, of any crushed stone when the order was made, and did not have such freight "on hand" with which to load the cars, and therefore was not entitled to the penalty for the company's failure to furnish the cars demanded.

#### 6.—Evidence—Reports of Railroad Companies.

A report of a railroad company to the Railroad Commission of this State is competent evidence in a suit against such company when the report purported to be the act of the company through its auditor, and the handwriting of the auditor is proved.

#### 7.—Measure of Damages—Cost of Production.

In arriving at the cost of a manufactured article the items of taxes, insurance, repairs or depreciation of value of the plant, etc., should be added to the value of the labor employed in its immediate manufacture. This rule applies in estimating the cost of crushed stone.

Appeal from the District Court of Jack County. Tried below before Hon. J. W. Patterson.

*N. H. Lassiter, Robert Harrison, Nicholson & Fitzgerald* and *Stark & Cox,* for appellant.—It was not shown that the statements or reports were made by a person authorized by the defendant company to make such reports, or who was acquainted with the facts set out in the reports, so as to bind the defendant. The statement of the witness as to the contents of the reports was hearsay testimony. The plaintiff should have taken the deposition of the custodian of these reports, and had him to attach a copy of the reports. Sterling v. Ry. Co., 86 S. W., 655; Fidelity Co. v. Texas Co., 90 S. W., 197; Bruce v. Bruce, 89 S. W., 435.

It is not the duty of a railway company to furnish cars to a manufacturing plant so as to take the place of storage bins or warehouse facilities, and if the manufacturing plant undertakes to operate its business without any storage bins of its own, and depends upon the cars furnished by the railway company to take the place of any storage facilities, the manufacturing plant should be required to take the risk of the railway company's inability to furnish a stipulated amount of cars regularly, instead of the supply being at times diminished and at times enlarged, according to the exigencies of its general business. Telegraph Co. v. Reed, 71 S. W., 390; Railway Co. v. Beard, 78 S. W., 253; Railway Co. v. Long, 80 S. W., 114.

The penalty is not recoverable because each of the written applications for cars restricts the character of cars applied for to a certain kind, to wit, gondolas or coal cars, and it does not appear from the record that no other sort of freight car would be suitable for the shipment of this freight, and because the application demanded cars of a certain stipulated capacity, and the record fails to show that this was the capacity of such cars as are ordinarily used by shippers of such freight and ordinarily furnished by carriers. Texas & P. Ry. Co. v. Allen, 101 S. W., 793; Texas & P. Ry. Co. v. Barrow, 77 S. W., 644; Illinois Ry. Co. v. People, 19 Ill. App., 141; People v. Ill. Co., 122 Ill., 506.

It appears from the evidence that a stone crushing plant depreciates, during its operation, about ten percent of its value yearly, and it appears that the estimated cost of the production of the crushed stone at Jacksboro did not include this depreciation that would occur during the operation of the mill. The charge was error in permitting the plaintiff to recover the difference between the cost of producing the product, which cost did not include the annual depreciation in the value of the plant, and its market value at Jacksboro, because the plaintiff was thereby allowed to recover the profit it would have made from operating this mill, and was not charged with the full loss that would have occurred from operating it.

*Sporer & McClure*, for appellee.—The reports being made by H. Lucas, the auditor of the appellant company, were made by the very officer whose especial business it was to know and report these very facts, which the reports contained, to the Commission, and certified copies thereof were admissible. These matters lying peculiarly within the knowledge of the appellant and its officers, and they having the original writings as well in their possession, certified or examined copies were admissible on their failure to produce the original copies. Ryan v. M., K. & T. Ry. Co., 65 Texas, 119; Texas & P. Ry. Co. v. Smith, 79 S. W., 614.

Appellee owned and managed all of its product at the time it desired to ship the same and demanded the cars for its transportation; and its product was already manufactured and practically ready to be shipped at that time, as the act of crushing and unloading the stone was practically instantaneous or as near so as up-to-date machinery could make it. Houston, E. & W. T. Ry. Co. v. Campbell, 91 Texas, 560; Central & Montg. R. R. Co. v. Morris & Crawford, 68 Texas, 49.

SPEER, ASSOCIATE JUSTICE.—Risley Brothers & Company, an incorporated company operating a stone crusher at Jacksboro, recovered a judgment against the Chicago, Rock Island & Gulf Railway Company for the sum of six thousand dollars actual damages and two thousand five hundred dollars penalties for failure to furnish cars upon written demand for the shipment of its product from Jacksboro to Dallas. The plaintiff alleged a compliance upon its part with the terms of the statute authorizing the penalties herein recovered, and that the defendant negligently failed to deliver the cars in obedience

to its written requisition, while the defendant pleaded the general issue and, specially, that there was an unprecedented rush of business during the time covered by plaintiff's requisition for cars, by reason of which, despite every effort possible, it had been unable to supply the cars demanded; and further, that plaintiff itself was guilty of contributory negligence in not providing itself with bins or receptacles for its crushed stone so as to prevent the necessity for closing down its plant upon a shortage of cars.

Much of the briefs of both parties is devoted to a discussion of the testimony bearing upon the issue of the congested condition of appellant's line and facilities, but we find it unnecessary to give more than passing notice to this feature of the case.

Following is a copy of the order for cars on which the action is based: "January 28, 1907. Mr. W. J. Thomas, agent for the Chicago, Rock Island & Gulf Railway Company at Jacksboro, Texas. Dear Sir: Risley Brothers & Company, an incorporated company which operates a stone crusher at Jacksboro, Texas, hereby demands ten (10) cars for the transportation of crushed stone from Jacksboro, Texas, to Dallas, Texas. These cars must be delivered and placed by seven o'clock a. m., Friday, February 1, 1907, on the Risley Brothers & Company's switch so that they can be loaded with crushed stone from their stone crusher plant just a little northwest from the freight depot of your company. Said cars are to be of not less than eighty thousand pounds capacity each, or their equivalent in different capacity cars, and are to be gondolas or coal cars; that is, such cars as are suitable to be loaded with crushed stone and for the transportation of same, and are to be placed on said switch so that they can be loaded with said crushed stone. Said Risley Brothers & Company hereby tender for deposit with you the sum of $75, the same being one-fourth of the amount of the freight charges for the transportation of the said stone in said cars from Jacksboro, Texas, to Dallas, Texas. Risley Brothers & Company, by D. C. Horton, Secy."

As before stated, the judgment embraced a penalty of two thousand five hundred dollars for the company's failure to furnish cars on the above order. This part of the judgment must be reversed and here rendered in appellant's favor. It will be seen that appellee's order specifically demands cars of not less than eighty thousand pounds capacity each, same to be gondolas or coal cars. The penal statute invoked as a basis for this action (Rev. Stat., art. 4497), does not impose upon the railway company the duty of supplying a particular kind of cars, and the shipper who imposes upon the company that duty does not bring himself within the letter of the statute giving the penalty, and therefore has no cause of action in this respect. Texas & Pac. Ry. Co. v. Barrow, 33 Texas Civ. App., 611. But it is insisted by appellee that notwithstanding the order is for cars of not less than eighty thousand pounds capacity each, the order further evidences a willingness to accept "their equivalent in different capacity cars;" but this would only get appellee into a worse confusion, for if under that provision cars of less capacity than eighty thousand pounds each were ordered, then it is perfectly apparent that more than ten cars would be required, and the company would be

entitled to more than the three days allowed in the order. It is also insisted that the provision of the order, to wit, "that is, such cars as are suitable to be loaded with crushed stone," immediately following the demand for gondolas or coal cars, has the effect of broadening the demand so as to include any car that is suitable for the transportation of crushed stone. But this is not necessarily true, nor is it the most reasonable interpretation of the order. To our minds the language means that the shipper desires gondolas or coal cars, which he considers to be suitable for his purposes.

The penalty feature of the case must be decided in appellant's favor for another reason. Article 4497 of the Revised Statutes giving the penalty provides: "When the owner, manager or shipper of any freight of any kind shall make application in writing," etc.; by article 4502 it is required that the party or parties bringing suit under the provisions of this law shall show by evidence that he or they "had on hand at the time any demand for cars was made the amount of lumber, cotton, wool, hides, or other freight necessary to load the cars so ordered." The undisputed evidence in this case shows that at the time the orders for cars were given appellee was not the owner of and did not have on hand any crushed stone whatever. Their method of operating seems to have been to load the cars immediately from the crusher and thus save the additional expense of handling the crushed product. At the time the order for cars was made the freight intended to be shipped, that is, crushed stone, was not in existence, and whether or not it would ever come into existence depended upon a variety of circumstances. We think the statute requiring the shipper to prove that he had on hand at the time of making his order for cars the necessary freight for loading them, forbids any character of speculation and precludes a shipper from recovering the penalty where such freight in form and condition to be shipped is not then on hand, even though such shipper may otherwise be able to show that he could have had the property ready at the time and place to load the cars if they had been furnished on his order. To illustrate: A shipper would not be allowed to recover the penalty for failure to furnish cars in which to ship cattle or other freight if he did not own such cattle or other freight, but expected to buy and did buy the same in time to make the shipment. An Illinois penal statute was held not to be applicable in favor of a coal mining company which had not, when the application for cars was filed, mined its coal, but expected to mine it after the cars were furnished. (People v. Ill. & St. Louis R. R. & Coal Co., 122 Ill., 506.) Counsel for appellant has well illustrated the principle by saying: "The owner of a pine forest is certainly not at that time and may never be the owner of the shingles that may at some day be manufactured from these trees." Appellee was certainly not the "owner" of any crushed rock on the date of its order for cars, and did not have such freight "on hand" with which to load the same, and therefore can not be entitled to a penalty for the company's failure to furnish the cars demanded.

Other rulings affecting the damage feature of the case will now be noticed. It is urged that the court erred in admitting the testimony of the witness Horton as to the contents of certain reports made by

appellant to the Railroad Commission of Texas for the years 1905, 1906 and 1907. The first ground of objection is that it was not shown that the statements or reports were made by a person authorized by the defendant company to make such reports, or who was acquainted with the facts set out in the reports so as to bind the defendant. The reports appear to have been quite voluminous, bound in permanent form, and purport to have been the act of appellant company through its auditor, Henry Lucas, whose handwriting the witness recognized, and were therefore presumptively made in obedience to the law authorizing the Railroad Commission of Texas to require such information of railroad companies. (Rev. Stat., art. 4571; Ft. Worth & R. H. St. Ry. Co. v. Hawes, 48 Texas Civ. App., 487.)

The next ground of objection is that the testimony of Horton was hearsay; that the plaintiff should have taken the deposition of the custodian of those reports and had him attach a copy of the same. This objection is answered in the somewhat recent case of Smithers v. Lowrance, 100 Texas, 77.

Complaint is made of the second paragraph of the court's charge because it authorized a finding for the plaintiff if the jury found from the evidence that it had been forced to shut down its plant and had sustained loss by reason of the defendant's negligence in failing to furnish cars, the criticism being that in effect it excluded from the jury's consideration the defendant's plea of contributory negligence. In view of the reversal of the entire case it is unnecessary for us to decide the merits of this contention. It appears to have been decided in Missouri, K. & T. Ry. Co. of Texas v. Beard, 34 Texas Civ. App., 188, that such a charge is erroneous. But a different rule was intimated, though not decided, by Mr. Justice Williams, now of the Supreme Court, in Gulf, C. & S. F. Ry. Co. v. Allbright, 7 Texas Civ. App., 21.

We are inclined to the view that the court erred in singling out the testimony as to the conditions existing in Dallas upon the issue of appellant's negligence in failing to furnish cars, but this, too, may be avoided on another trial.

The court did err, however, for which the cause must be reversed, in refusing to set aside the verdict of the jury because of the insufficiency of the evidence to support it on the issue of damages. Under the charge appellee was permitted to recover as damages the difference between the cost of producing such crushed stone as it would have shipped and its market value at Jacksboro at the time. The testimony of appellee's witnesses was that the cost of manufacturing crushed stone was fifty-three cents per ton, but this did not include any allowance for depreciation in value of appellee's plant. The evidence further showed that there would be an annual depreciation in the value of such plant equal to ten percent of its value, but what that value is the evidence nowhere discloses. If the annual depreciation in the value of appellee's plant is not shown, it is clear the jury could not have reached an intelligent conclusion as to the cost per ton of its product. Everyone knows that in a very important sense in arriving at the cost of a manufactured article one must add to the value of the labor employed in its immediate manufacture the further

items of tax, insurance, repairs or depreciation in the value of the plant, and the like.

We find no other error in the record, but for those discussed the judgment of the District Court is reversed, and as to the penalty judgment here rendered for the appellant, while as to the issue of damages the cause is remanded for another trial.

*Reversed in part and rendered in part.*

Writ of error refused to appellee.