**George Dabney et al., Appellees, v. John J. Manion, Appellant.**

1. STATUTE OF LIMITATIONS—*what applies to action under section 8 of Dram-shop Act.* An action brought under section 8 of the Dramshop Act is penal in character and must be commenced within two years after the cause of action accrued.

2. DRAM-SHOPS—*what does not preclude recovery under section 8 of Act.* A recovery may be had under section 8 of the Dram-shop Act notwithstanding it may appear from the evidence that others beside the defendant contributed to the intoxication which resulted in the injury complained of.

Action in debt. Appeal from the Circuit Court of Marion county; the Hon. S. L. DWIGHT, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed April 9, 1910.

NOLEMAN & SMITH, RUFUS M. POTTS, ALFRED ADAMS, and ROY A. NUTT, for appellant.

CHARLES H. HOLT, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was an action in debt brought under section 8 of the Dram-Shop Act, by appellees, to recover compensation for services rendered their son, William Dabney, who lost a leg by reason of an accident alleged to have been caused by his intoxication, produced by liquor sold him by appellant.

The declaration consisted of two counts, which were substantially alike. The *praecipe* for summons was filed September 16, 1908. The declaration which was filed two days later, charged that appellant sold intoxicating liquor to William Dabney on June 8, 1906, in the city of Salem in Marion county, whereby said Dabney became intoxicated and by reason thereof on the same day, wandered upon a railroad track where his left leg was crushed by being run over by a train, so that it became necessary to amputate the same; that appellees, the parents of said William Dabney, took charge of and provided for him for the space of 365 days and furnished him with necessary medicine and medical aid; that their reasonable compensation for so doing, amounted to the sum of $2,270; and that they were also entitled to the further sum of two dollars for each day said William Dabney was so kept by them, amounting to the sum of $730, making a total of $3,000.

Appellant filed a plea of the general issue and a special plea of the two years' statute of limitations. A demurrer was sustained by the court to the plea of the statute of limitations and appellant abided by his plea, going to trial upon the general issue. The trial resulted in a verdict and judgment in favor of appellees for $201.

The facts, so far as necessary to be stated, are as follows: On June 8, 1906, William Dabney, a young man, lived with appellees, his parents, at Iuka, nine miles east of Salem, on the Baltimore and Ohio Southwestern Railroad. On the morning of that day at about 6 o'clock, he went to Salem. During the fore-

noon and a greater portion of the afternoon, he was in and out of appellant's saloon, where he drank intoxicating liquors a number of times and also bought a half pint of whiskey. He also drank intoxicating liquor in two other saloons in the same place. Late in the afternoon he went to Centralia, where he remained about two hours and drank one glass of beer. He then returned to Salem, went to appellant's saloon, where he got his coat which had been left there and a pint of whiskey he had previously purchased, and went back to the railroad station, where he was seen drinking whiskey from his bottle. When the train arrived he was so much under the influence of liquor that he staggered and when he got into the coach, he went to sleep and was carried past his station to Greendale, four miles beyond, where he got off and started back home along the track. He was found next morning lying in a ditch beside the track, with his left foot cut off and his leg so mangled that it was necessary to amputate the same above the knee. He was taken to the home of his parents where he was confined to his bed six weeks, and to the house for many weeks longer, during which time his limb had to be dressed. All this time, appellees nursed and cared for him and furnished him necessary physicians, medicine and food.

Appellant states in his brief that he relies upon two propositions for a reversal of this case, both of which are properly raised by the errors assigned. They are first, that the statute of limitations is a bar to the action and the court erred in not so holding; second, that there can be no recovery under section 8 of the Dram-Shop Act, where it appears from the evidence that others besides the defendant contributed to the intoxication which resulted in the injury complained of.

The declaration showed that the injury complained of occurred on June 8, 1906, while the suit was not commenced until September 16, 1908, more than two years later. The plea of the statute of limitations, filed by

appellant states that "said several supposed causes of action, in the said declaration mentioned, did not nor do any or either of them, accrue to the plaintiffs at any time within two years next before the commencement of this suit."

Appellees insist that this action is not one to recover a penalty, but merely to recover compensation for services performed and rendered necessary by the act of appellant, which produced the intoxication of the person cared for, and cite in support of their theory and rely upon McVey v. Williams, 91 Ill. App. 144, where it is said in speaking of the same section of the statute, which is under consideration here, "We think the present action is not to recover a penalty, but merely for compensation for services performed, rendered necessary by the act of appellant, producing the intoxication of the person cared for."

The theory of appellant is that this is a suit to recover a statutory penalty and is therefore governed by section 14 of the Limitations Act, which provides that an action for a statutory penalty shall be commenced within two years next after the cause of action accrued. He contends for the broad principle that a statute which subjects one person to pay to another whom he has not actually injured, a sum of money, is a penal statute and that the test whether a statute is penal when an action is brought thereunder is to inquire "did the defendant injure or damage the plaintiff," citing Mansfield v. Ward, 16 Me. 433. 6 Words and Phrases 5270. He also relies upon the definition of a penal statute in Potter's Dwarris page 74, where it is said "a penal statute is one which imposes a forfeiture or penalty for transgressing its provisions, or for doing a thing prohibited." There are however cases in our own courts which apply directly to the statute in question.

The case of Confrey v. Stark, 73 Ill. 187, was one where a wife brought suit to recover damages sus-

tained by her by reason of the sale of intoxicating liquors to her husband by appellant. One of appellee's instructions told the jury, that if she was obliged to care for her husband while he was helpless by reason of having been intoxicated upon liquor sold him by appellant, she was entitled to recover therefor $2 a day for each day she so cared for him, in addition to her other damages. The court held that the instruction was erroneous for the reason that the suit was an action on the case, while the section of the statute which governs the right to recover the $2 per day for caring for an intoxicated person, provides only for a recovery by an action of debt and further stated, it is a uniform rule, well recognized by all courts, where a statute gives a penalty and prescribes the form of action in which the remedy may be had, that courts are powerless to permit a recovery to be had in another form of action; and that therefore the $2 a day could only be recovered in an action of debt.

The case of Brannan v. Adams, 76 Ill. 331, was a suit similar to the one before us, where the appellee sought to recover compensation for taking care of a person, who, it was alleged, had been made intoxicated by liquors sold him by the appellants, and also the sum of $2 per day for each day he kept said injured person; and it was there said "this is a penal action and to recover the plaintiff must clearly bring himself within the terms of the statute."

In Carroll v. The People, 13 Ill. App. 206, the provision for the payment of $2 a day, named by the statute for keeping the injured person while disabled on account of his intoxication, is spoken of as a penalty.

In Schulte v. Menke, 111 Ill. App. 212, it is said: "The dram-shop Act is a statute penal in character and provides a right unknown to the common law and according to well understood canons, should receive a strict construction," and in speaking of the liability of the dram-shop keeper under section 8 of said act, which

is the one we have under consideration, it is further stated: "He is liable in the first place to pay a reasonable sum for taking care of the person while he is intoxicated and unable to care for himself, and then if his drunkenness caused him to become sick or if while drunk and in consequence of the intoxication, he injures himself so as to require others to take care of him, on account of his inability to care for himself, then the saloon keeper is liable to pay a penalty of $2 a day to the person who takes care of him."

When the case of McVey v. Williams, *supra*, which is the only case which appears to hold a contrary doctrine, is carefully considered, it will be found to be not wholly in conflict with the doctrine laid down in the above cases. In that case the declaration, which is given in full in the report, shows that the demand of the plaintiff was only for taking charge of and providing for the injured person and did not include any claim for the $2 a day, also provided for by the statute, and which is held, by the cases referred to, to be a penalty. In this case the declaration claims for compensation for taking charge of and providing for the intoxicated person and also for the $2 a day in addition thereto, provided for by the statute.

We are therefore of opinion that in this case a penal statute was involved and that the two years statute of limitations applied. But notwithstanding that fact, the court erred in sustaining the demurrer, for the reason that the statute did not commence to run at the time of the injury, but at the time the services, which are alleged by the declaration to have extended for a year after the date of the injury, were rendered. It was a question of fact to be submitted to the jury, whether any services were rendered, and whether the injured person was kept for any length of time by appellees within the two year limit.

We do not concur in the second proposition relied on by appellant, that there can be no recovery under

the section of the Dram-Shop Act, in question, where it appears from the evidence that others aside from the defendant, contributed to the intoxication which resulted in the injury complained of, if by it appellant intends to assert there can be no recovery against him, provided it should appear that any other person than he sold intoxicating liquors to William Dabney, during the day in question, regardless of the amount sold, or the proximity of the sale to the time of the injury.

For the reasons above given relating to the error of the court below in sustaining the demurrer to the plea of the statute of limitations, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*