**SCHIFFMAN BROS, Inc. v. TEXAS CO.**

No. 10525.

United States Court of Appeals, Seventh Circuit.

May 5, 1952.

Rehearing Denied June 7, 1952.

Seymour F. Simon, David J. Shipman and Sheldon O. Collen, all of Chicago, Ill., for appellant.

Douglas F. Smith, Howard Neitzert, Walter J. Cummings, Jr., Paul F. Schlicher, all of Chicago, Ill. Kenneth F. Burgess, Chicago, Ill., Frederic W. Hickman, (Sidley, Austin, Burgess & Smith, Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

■ The only question presented in this appeal is whether the Illinois statute, Ill. Rev.Stat.1951, c. 83, § 15 providing a two-year limitation applies to an action brought under Section 4 of the Clayton Act, 15 U.S.C.A. § 15, to recover treble damages for violation of the anti-trust laws. Plaintiff recognizes that this court disposed of this question in the affirmative in Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 191 F.2d 912, certiorari denied, 342 U.S. 947, 72 S.Ct. 555, but urges that we were in error and should overrule that decision. We have considered carefully the arguments presented and, after mature deliberation, are of the opinion that we reached the correct solution.

The postulate upon which we based our conclusion in the Hoskins case was that, inasmuch as Congress has enacted no statute of limitations covering private actions for treble damages under the Clayton Act, in order to ascertain the applicable limitation we must necessarily look to the statute of the state where the cause of action arises and in which the suit is brought. We were impelled to this premise by the language of the Supreme Court in various cases cited. At the risk of repetition we refer to Campbell v. City of Haverhill, 155 U.S. 610, 15 S.Ct. 217, 219, 39 L.Ed. 280, where the court, discussing the reason why, in the absence of federal statutes of limitation, the statutes of the state prevail, said: "The argument in favor of the applicability of state statutes is based upon Revised Statutes § 721, providing that 'the laws of the several states, except, * * * shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply.' That this section embraces the statutes of limitations of the several states has been decided by this court in a large number of cases, * * *. Indeed, to no class of state legislation has the above provision been more steadfastly and consistently applied than to statutes prescribing the time within which actions shall be brought * * *. The truth is that statutes of limitations affect the remedy only, and do not impair the right, and that the settled policy of congress has been to permit rights created by its statutes to be enforced in the manner and subject to the limitations prescribed by the laws of the several states."

■ We pointed out that the real question facing us, therefore, was not whether the action was one to recover a statutory penalty within the meaning of any federal statute but whether actions such as this are limited to a period of two years under the Illinois statutes, i. e., whether actions to recover treble damages must be commenced in Illinois within two years. It is of no significance that the cause of action arises under federal statutes. The decisive factor is that Congress, by its failure to prescribe a limitation, has provided, by virtue of the Rules of Decisions Act, 28 U.S.C.A. § 1652, that the applicable limitation must be determined by the state statute as interpreted by the courts of the state. We are not concerned at all, then, with anything other than the question of what statute of limitations of Illinois is applicable to actions to recover treble damages and attorneys' fees. That question, we thought and still think, has been decided by the Supreme Court of Illinois in holding that such actions are within the two year statute of limitations. To this reasoning we adhere.

Plaintiff insists, however, that the Hoskins decision is at odds with the decisions of this court in Roseland v. Phister Mfg. Co., 7 Cir., 125 F.2d 417, 419, 139 A.L.R. 1013 and Activated Sludge, Inc., v. Sanitary District of Chicago, 7 Cir., 157 F.2d 517, affirming Activated Sludge, Inc., v. Sanitary District of Chicago, D. C., 64 F.Supp. 25 and perhaps others. The last cited case had to do with recovery of damages under

the patent law. What was said there with regard to the character of an action under the Anti-Trust Act was in no way necessary to the decision. The same is, in a measure, true of the Roseland case. None of the cases mentioned by plaintiff in this connection related in any way to the determination of the appropriate statute of limitations in the State of Illinois in actions to recover treble damages.

The word "penal" is not one of definite specific meaning but has variable connotations depending upon the environment in which it is utilized. That this court has considered the action as in the nature of a penalty, though unimportant in this decision, is apparent from Milwaukee Towne Corp. v. Loew's, Incorporated, 7 Cir., 190 F.2d 561, 570, wherein, referring to our earlier decision in Bigelow v. R. K. O. Radio Pictures, Inc., 7 Cir., 150 F.2d 877, 883, we said: " * * * the victim is permitted to use as a yardstick for measuring his damages what he would have gained as a member of or a beneficiary of the conspiracy, and is mandatorily awarded a judgment for three times the amount thus found. Certainly Congress did not intend to impose a *further penalty* upon the defendants * * *. Two-thirds of the judgment is *the penalty* imposed by Congress and automatically attaches to the damages found. Bigelow et al. v. R. K. O. Radio Pictures, Inc., 7 Cir., 150 F.2d 877, 883." (Emphasis supplied.) And in H. J. Jaeger Research Laboratories v. Radio Corp., 3 Cir., 90 F.2d 826, at page 828, the third circuit said: "The Sherman Act created a new tort damage right for damages actually suffered, but also imposed a statutory trebling penalty." These comments are, however, as we have said, beside the point in this discussion, for the question now before us, presented to us in no case other than Hoskins, is, we repeat, what is the applicable statute of limitations in Illinois in an action for treble damages and attorneys' fees.

We had thought the decisions of Illinois to which we referred in the Hoskins case sufficient to support our conclusion. We kept in mind that where, as here, there is no applicable federal statute of limitations,

under the various decisions of the Supreme Court cited, the federal court must apply the statutes of limitations of the State of Illinois and give to them "the same construction and effect which are given by the local tribunal." Attempting to comply with this mandate, we examined the Illinois decisions. We found that, in Chicago B. & Q. Railroad Co. v. Jones, 149 Ill. 361, 37 N.E. 247, 24 L.R.A. 141, the Supreme Court of Illinois had decided that an action to recover three times the amount of the damages sustained and attorneys' fees, was within that section of the state statute limiting assertion of demands to two years. It seemed to us that this authority should be sufficient to satisfy the most meticulous; consequently we deemed further citation unnecessary. However, in view of plaintiff's zealous argument, we think it not amiss to direct attention also to various other Illinois authorities supporting the reasoning.

It is to be observed that Illinois has specifically refused to follow the limited definition of penalty or penal action or statutory penalty prescribed by Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123, but, rather has held that a statutory recovery of damages not actually sustained but permitted in addition to accrued damages is not compensatory but in the nature of a statutory penalty within the meaning of the Illinois statute. Thus, in M. H. Vestal Co. v. Robertson, 277 Ill. 425, 115 N.E.629 the court held that an action to recover damages for failure to perform certain statutory duties is within the two-year limitation. In an earlier case Weidenger v. Spruance, 101 Ill. 278, the court commented, in discussing an action against the trustees and incorporators of an insurance company, that the statutory liability asserted was not one incurred in pursuance of a contract but that as "a punishment for the wrong" they were responsible for, they were "made liable to those injured thereby to the extent" of their interest in the corporation, and in their "agency presumed therefrom in causing or permitting the injury." In Gridley v. Barnes, 103 Ill. 211, the court repeated that such liabilities are imposed by way of penalty and are with-

in the two-year statute. Similiar statutory liabilities were so classified likewise in Kimball v. Hurlbut, 12 Ill.App. 500; Junker v. Kuhnen, 18 Ill.App. 478.

Perhaps illustrations of the application of the Illinois rule more pertinent to this case are found in a series of decisions covering in sequence an extended period of time. Thus in 1882, in St. Louis, A. & T. H. R. R. Co. v. Hill, 11 Ill.App. 248, in an action against a railroad company to recover treble damages because it had charged excessive rates forbidden by statute, it was held that the two-year statute applied. In 1887 the court adhered to the rule in Illinois & St. Louis Railroad & Coal Co. v. People, etc., 19 Ill.App. 141, 142, affirmed 122 Ill. 506, 14 N.E. 261, distinguishing sharply between an action for actual damages where the five-year statute of limitations is applicable and an action for statutory treble damages, to which the two-year statute applies. An appellate court decision to the contrary, Atchison, T. & S. F. Ry. Co. v. People, 128 Ill.App. 38, was reversed by the Supreme Court in 227 Ill. 270, 81 N.E. 342, which followed its decision in Diversey v. Smith, 103 Ill. 378, holding that the treble damage action involved is penal in character. See also Staninger v. Tabor, 103 Ill. App. 330; Mueller v. Bittle, 321 Ill.App. 363, 53 N.E. 2d 56; Confrey v. Stark, 73 Ill. 187; Brannan v. Adams, 76 Ill. 331; Dabney v. Manion, 155 Ill.App. 238.

Thus the crucial question of what Illinois statute of limitations applies must be answered as it was in the Hoskins case. Illinois has decided that actions for treble damages and attorneys' fees, such as the action asserted here, so far partake of actions to recover statutory penalties as to be within the statute forbidding actions to recover such damages after two years.

To apply state statutes in determining the limitation upon federal causes of action necessarily results in lack of uniformity. This is the unavoidable result of applying the statutes of different states, in accord with the interpretations of those statutes by the courts of the respective commonwealths, under the Rules of Decisions Act.

But the Congress has seen fit to leave the question to the state, and we know of no qualification upon this grant of authority implicit in the failure of Congress to provide a federal statute. Surely it can not be said that to curtail the time for commencement of a cause of action for the violation of a federal statute to two years is unreasonable. Such has been the conclusion in such cases as Northern Kentucky Telephone Co. v. Southern Bell Telephone & Telegraph Co., 6 Cir., 73 F.2d 333, 97 A.L.R. 133, certiorari denied 294 U.S. 719, 55 S.Ct. 546, 79 L.Ed. 1251, holding that a one-year state statute governing actions for conspiracy applies to treble damage suits under the Sherman Act; American Tobacco Co. v. People's Tobacco Co., Ltd., 5 Cir., 204 F. 58, and Hansen Packing Co. v. Swift & Co., D.C., 27 F.Supp. 364, where a two-year limitation was applied. See also Kendall v. Keith Furnace Co., 8 Cir., 162 F.2d 1002.

The judgment is affirmed.