**DE LUCA v. LOEW'S, Inc. et al.**
**No. 51 C. 736.**

United States District Court
N. D. Illinois.
Feb. 26, 1953.

John F. Sullivan, Eugene H. Dupee, Jr., Chicago, Ill., for plaintiff.

Francis E. Matthews, Robert W. Bergstrom and John F. Caskey of Springer, Bergstrom & Crowe, Chicago, Ill., for 20th Century Fox Films.

Edward R. Johnston, Samuel W. Block, Alfred B. Teton, Jacob I. Grossman, Johnston, Thompson, Rayman & Mayer, Chicago, Ill., for Paramount Pictures,

---

6. Victory Housing No. 2, Inc., v. C. I. R., 10 Cir., 205 F.2d 371.

7. Mauldin v. C. I. R., 10 Cir., 195 F.2d 714.

Inc. and Balaban & Katz Corp. and Publix Theatres.

A. George Spannon, Chicago, Ill., for John G. Samedalas, Ellen Samedalas, John Manta and Barbara Manta.

Miles G. Seeley & Bryson P. Burnham of Mayer, Meyer, Austrian & Platt, Chicago, Ill., for RKO Radio Pictures, Inc., Loew's, Inc., Columbia Pictures Corporation, Universal Film Exchanges, Inc., United Artists Corp., Warner Bros. Pictures Distributing Corp., Warner Bros. Theatres, Inc., and Warner Bros. Circuit Management Corp.

Nathan Hoffberg, Chicago, Ill., for Morris Zimmerman.

SULLIVAN, District Judge.

This is an action for treble damages under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and the Clayton Act, 15 U.S.C.A. § 12 et seq. Defendants have filed their motions for summary judgment based upon their contention that the plaintiff's cause of action is barred by Section 14 of the Illinois Act in regard to limitations, Ill.Rev.Stat. 1951, Ch. 83, par. 15, which provides, in part, that "Actions * * * for a statutory penalty * * * shall be commenced within two years next after the cause of action accrued."

Plaintiffs oppose the motions on the ground that the Illinois Limitations Act is not applicable. It is their contention that the Rules of Decision Act, 28 U.S.C.A. § 1652, has no applicability to this suit and the Court is free to hold that there is no applicable statute of limitations, or that the Court will, as a matter of federal decisional law, adopt the five year period of limitations of the Federal limitations act, 28 U.S.C.A. § 2462, on civil penalties to govern this action.

The argument advanced by plaintiffs had been adjudicated against plaintiffs' contentions in two recent cases decided in this circuit: Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 1951, 191 F.2d 912 and Schiffman Bros., Inc., v. Texas Co., 7 Cir., 1952, 196 F.2d 695. These cases hold that the Illinois

two year statute of limitations, upon which defendants, rely, does apply to actions brought in this forum for treble damages under the antitrust laws. This identical question was recently presented to Judge Michael L. Igoe in Natley Enterprises, Inc., v. Loew's, Incorporated, No. 51C1039. Judge Igoe ruled that defendants' motion for summary judgment be allowed. The United States Court of Appeals dismissed the appeals with prejudice.

Motion for summary judgment granted. The Illinois two year statute of limitations is applicable to actions for treble damages under the antitrust laws. Plaintiffs' cause of action is barred by Illinois statute.